# Huson Ice & Machine Works *v.* Bland & Chambers.

## *Breach of Contract.*

(Decided April 17, 1910. 52 South. 445.)

1. *Sales; Remedy for Buyer.*—Where the sellers guaranteed the ice plant and all the machinery connected therewith for twelve months, agreeing to replace any part that broke or proved defective, and also to test and insure the capacity of the plant, but the contract contained no provision for its own rescission, and the plant offered to

be delivered was different from that contracted for, the buyers were not bound to accept the plant and sue on a breach of warranty, but could rescind the contract and refuse to accept the property.

2. *Same; Performance; Duty of Buyer.*—Where the ice plant shipped to the buyers was not that sold, the buyer was under no duty to accept it even if it was of better quality than the one sold.

3. *Pleading; Replication; Sufficiency.*—Replications should either deny the facts stated in the pleas to which they are addressed, or should confess and avoid, or set up matters in estoppel, and failing therein are insufficient.

4. *Charge of Court; Ignoring Issues.*—Where a defense was set up by a special plea and there was evidence tending to prove it, a charge ignoring such defense is properly refused.

5. *Appeal and Error; Harmless Error; Instructions.*—Where the jury found for the defendant as to all rights of recovery, charges relating to measures of damages, if erroneous were harmless.

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

Action by the Huson Ice & Machine Works against Bland & Chambers, for breach of a contract to purchase. Judgment for the defendant and plaintiff appeals. Affirmed.

BENJAMIN F. REID, for appellant. Under the contract appellees were bound to accept the machinery and pay for it according to the terms of the contract, and then sue on the breach of warranty, if there was a failure in the warranty.—*Schleischer v. Mtg. L. Co.,* 114 Ala. 235; *Mobile E. L. Co. v. Elder Bros.* infra; *Foley v. Felrath,* 98 Ala. 176; *Clark v. Race,* 46 Mich. 308.

ESPY & FARMER, for appellee. The following authorities will be found to sustain the court's action in this case: 2 Par. on Contr. 924; *Ala. Nat. Bank. v. Halsey,* 109 Ala. 196; *Haas v. Hall, & Farley,* 111 Ala. 442; *Monroe v. Prickett,* 16 Ala. 785; *Holly v. Young,* 27 Ala. 23; *Gibson v. Marcus,* 29 Ala. 666; *Cossings v. Whittaker,* 3 S. & P. 322; *Wilson v. Miller,* 143 Ala. 264. Charge 2 ignored a defense, which there was evi-

dence tending to establish.—*Behrman v. Newton*, 103 Ala. 525.

MAYFIELD, J.—The first two counts declare on a breach of a written contract of sale by which plaintiff sold to defendants a certain ice plant, complete, together with all the iron work necessary for the completion and setting up of the plant—the property to be delivered f. o. b. the cars at the shipping point, and the title to remain in the plaintiff, the vendor, until the purchase price was fully paid. The total price was $3,000, $800 of which was to be paid in cash, on the receipt of the plant for operating purposes, and the balance of the purchase price was to be evidenced by two promissory notes, executed by defendants to plaintiff, each for $1,100, one payable 6 months and one 12 months from the date the property was received by defendants for operating purposes. By the terms of the contract of sale the plaintiff agreed to furnish a competent and skilled superintendent to assist in setting up and installing the plant; and plaintiff, the vendor, by the terms of said contract, guaranteed the plant and all machinery connected therewith for a period of 12 months, with the condition that, if any part thereof broke or proved defective during that time, plaintiff would repair or replace the same, and further agreed to test and insure the capacity of the plant to manufacture six tons of ice per day. These two first counts allege that plaintiff performed fully its part of the contract, in so far as it could do so, but that the defendants wholly failed and refused to perform their part, in that they refused to accept the property when shipped and offered for delivery and installation, or to allow plaintiff to install it, or to test the capacity or efficiency of the plant, in accordance with the provisions of

the contract. The other and third count set up the same state of facts, but declared on a breach of contract, growing out of the contract, in that defendants negligently failed, in disregard of their duty, to perform their obligations under the contract alleged.

The defendants pleaded the general issue, and several special pleas, setting up fraud and deceit on the part of the plaintiff, and that defendants thereby were induced to make or enter into the contract as alleged— that is, specifically, that plaintiff made false representations to the defendants as to the character, quality, capacity, and worth of the machinery and plant sold; that defendants relied upon these false representations, and were thereby induced to make the purchase and contract; that they had no opportunity to inspect the property before executing the contract, but relied solely upon these representations; that when the property arrived, and they had the opportunity to inspect, they did so, and found it not to be as represented, but much inferior and of much less value, and not the property they had contracted to purchase, and not the property they desired; and that on account of this fraud on the part of plaintiff they declined to receive the property or to carry out the contract.

Demurrers to these pleas were overruled, and the plaintiff replied, and demurrers were sustained to all except one of the replications, which it is unnecessary to consider, as the rulings were in favor of plaintiff, the appellant here. These rulings on the demurrers, pleas, and replications, adverse to the appellant, raised the questions which are considered by counsel to be the most important on this appeal.

The pivotal question is thus stated by counsel for appellant: "The first, second, and third assignments of error raise the question of law in the case. Defendants

in the court below relied on special pleas setting up that the machinery and plant shipped was not the machinery and plant bought; that plaintiff in the action represented the condition of the machinery to be one thing, and upon that they relied in making the contract, while the machinery was of a different and inferior character, hence they refused to allow it set up or to accept it. This contention certainly cannot be supported. Under the contract appellees were bound to accept the machinery and pay for it acording to the terms of the contract, if, after it was set up and tested, the contract requirements were met. In other words, they had no legal right to pass on the machinery until and after it was set up and tested, whereupon their right to determine whether it came up to the contract requirements came into existence only."

Appellant relies upon the case of *Schleicher, Schumm & Co. v. Montgomery Light Co.*, 114 Ala. 235, 21 South. 1014, to support its contention as stated above. We do not doubt the soundness of the propositions announced in that case, and have no criticism or modification to make concerning them. But the facts in that case, and the issue to which they applied, are clearly distinguishable from those in this case. The sale, or contract of sale, in that case, was absolute (as was the one in this); but it contained a condition subsequent to the effect that the purchaser could and should be released upon the happening of that condition—the condition being that he should test the property within a stipulated time, and, if found not to suit his purposes, then, and not until then, he was to be released from the purchase —while this contract had a provision by which the vendor guaranteed for 12 months the property sold, and guaranteed that it would manufacture six tons of ice per day, and that if any part of the machinery should

prove defective or break within that time the plaintiff would replace or repair it. There was no such condition in this case, as was in the other, that the defendant could, on the happening of that event or condition, rescind or abandon the contract of sale. The defendants in this case were bound in any event, though they might have a defense pro tanto, or a cross-action, in the event plaintiff breached its warranties or failed to make good its guaranty; that is, this contract does not provide for its own rescission or avoidance, as did that one, but the conditions here are only warranties or guaranties, at most.

The purchasers in this case were not compelled to accept property different from that which they bought, and to rely solely upon the warranties or guaranties of the vendor. They were not compelled to set up machinery different from that purchased or contracted to be purchased merely because the contract of sale provided certain warranties and guaranties. Resort to them was not made their exclusive mode of redress, if the plaintiff shipped them property which was not sold or purchased. The warranties and guaranties in this contract were necessarily as to specific property sold. If the plaintiff had shipped and offered to deliver the specific property sold, then the duty would have rested upon the defendants to accept, and to perform their part of the contract—at least until there was a breach by the plaintiff. The pleas, however, allege (and on demurrer we must take them as true) that the plaintiff first breached the contract, in that it did not ship or offer to deliver the property sold or contracted to be sold, but shipped inferior property, though of a similar kind.

If the property shipped was not that sold, and this is in effect what the pleas allege, then it needs no argu-

ment to prove that there was no duty on the defendants to accept that offer, even though it was of a better quality and of greater value. The plaintiff had no right to offer or tender any property except that sold, and the defendants were under no duty or contract to accept any other than that purchased. These pleas raised and tendered the issue whether or not the property shipped and tendered to defendants by the plaintiff was the property sold or contracted to be sold. The issue was, therefore, a material one, and one which determined the rights of the parties to this contract and suit. The pleas were sufficient for this purpose and the court properly overruled the demurrers thereto.

The replications were clearly not answers to the pleas which they purported to answer. They neither denied the facts stated in the pleas, nor confessed or avoided, nor set up matters of estoppel. This much is necessary to the sufficiency of replications.—*H. A. & B. R. R. Co. v. South.*, 112 Ala. 642, 20 South. 1003; *Mothershed's Case*, 110 Ala. 143, 20 South. 67. The demurrers to these replications pointed out the defects, and the court properly sustained them.

The charges requested by the plaintiff were properly refused. They ignored the defense set up by the special pleas, and which there was evidence tending to prove. Those parts of the oral charge of the court as to the measure of damages, going to certain items thereof, if error, were without injury, because the jury found for the defendants as to all right of recovery.

It results that the judgment of the circuit court must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.