# Clauss Shear Co. *v.* Alabama Barber Supply Co.

## *Assumpsit.*

(Decided June 6, 1911.   Rehearing denied June 30, 1911.
56 South. 49.)

1. *Sales; Contract; Construction.*—Where the contract called for shipment immediately after the latter part of a certain month, time of shipment was of the essence of the contract.

2. *Same.*—As employed in a contract which calls for shipment immediately the word  means, ordinarily and unexplained, "forthwith, at once" and while the haste implied from such time excludes the idea of reasonable time as understood in legal parlance, where no time is specified, some appreciable time must be allowed under a contract containing such term, which necessarily elapsing time would be a reasonable time in a sense referable to the terms used.

3. *Same.*—Where the contract required the seller to ship the goods by freight a shipment by express was a violation of the contract releasing the buyer from obligation to receive the shipment

4. *Same; Performance.*—Where the contract designates the means of carriage the seller must conform to that direction.

5. *Same; Rescission; Failure to Deliver.*—Time of shipment when particularly provided for in the contract, is, with merchants, a warranty, a condition precedent, upon the breach of which the aggrieved party may repudiate the entire contract.

6. *Same.*—Where the contract required that the goods be shipped immediately after the latter part of August, and they were not shipped till November 11, the delay was unreasonable and unless waived by the buyer, avoided the obligation of the contract.

[Clauss Shear Co. v. Alabama Barber Supply Co.]

APPEAL from Jefferson circuit Court.

Heard before Hon. A. A. COLEMAN.

Assumpsit by the Clauss Shear Company against the Alabama Barber Supply Company. Judgment for defendant and plaintiff appeals. Affirmed.

THOMPSON & THOMPSON, for appellant. A plea must answer all it purports to, and when directed to only a part, or when it professes to answer the entire complaint, but only applies to a part, and, by its wording shows it only answers a portion of the complaint, is bad on demurrer.—*Foster v. Napier,* 73 Ala. 595; *Smith v. Dick,* 95 Ala. 311; *Galbreath v. Cole,* 61 Ala. 139. What purports to be a special plea combining the general issue, which has been separately pleaded, with an imperfectly pleaded special defense, is bad on demurrer.—*Stephenson v. Wright,* 111 Ala. 579. A special replication stating accurately the facts as a defense relied upon, and answering a certain plea, is proper matter for special replication.—Sect. 5338 Code of Ala. When a plaintiff makes out a prima facie case and there is no material conflicting testimony on the part of defendant on the issues involved, then the court, when requested to do so in writing, should give to plaintiff the general affirmative charge.—2 May. Dig. P. 561 sub. 3 and authorities there cited; 1 Bric. Dig. P. 335 sub. 2 and authorities there cited.

W. T. HILL, for appellee. No brief came to the Reporter.

PER CURIAM.—The action, stated in the common counts, is rested on the alleged sale of goods by the appellant to the appellee. The defendant, in addition to the general issue, interposed plea 4, in which, in substance, it was averred that a large part of the goods or-

dered were to be "shipped by freight immediately" after, to wit, the latter part of August, 1904, but that in disregard to the contract the plaintiff did not ship the goods till, to wit, November 11, 1904, and then by *express*, instead of by *freight*, as the contract provided, and that defendant had not received them. Time of shipment was of the essence of the contract averred in plea 4.—*Oklahoma Vinegar Co. v. Hamilton & Bunkley*, 132 Ala. 593, 32 South. 306; 2 Mechem on Sales, § 1138; *Norrington v. Wright*, 115 U. S. 188, 203, 6 Sup. Ct. 12, 29 L. Ed. 366; *Filley v. Pope*, 115 U. S. 213, 6 Sup. Ct. 19, 29 L. Ed. 372; note to *Gill v Benjamin*, 54 Am. Rep. 624 et seq.

With merchants, time of shipment, when particularly provided for in the contract, is regarded as a warranty, a condition precedent, upon the breach of which the aggrieved party may repudiate the entire contract. —*Norrington v. Wright, supra;* Mechem on Sales, §§ 1138, 1139; note, 54 Am. Rep. 624 et seq.

"Immediately," as employed in such contracts, means, ordinarily and unexplained, "forthwith; at once."—*Neldon v. Smith*, 36 N. J. Law, 148; *Woods v. Miller*, 55 Iowa, 168, 7 N. W. 484, 39 Am. Rep. 170; *Tobias v. Lissberger*, 105 N. Y. 404, 12 N. E. 13, 59 Am. Rep. 509; Mechem, § 1134. While the celerity implied in such terms as "immediately," "forthwith," "at once," among others, excludes the idea of *reasonable time*, as that is understood in legal parlance, where no time is specified for shipment or delivery, yet, we think, it must be true, as said in *Oklahoma Vinegar Co. v. Hamilton & Bunkley, supra,* "that some appreciable time must elapse on an order for shipment 'at once,' and such necessarily lapsing time would be a reasonable time in a sense referable to the urgent words of the order."

Where the contract designates the means of carriage, the seller must conform to the direction, if not impossible, and, if he fail to do so, he has not met his obligation under the contract.—Mechem, § 1182; *Iasigi v. Rosenstein*, 65 Hun. 591, 20 N. Y. Supp. 491; *Hills v. Lynch*, 3 Rob. (N. Y.) 42; *Wheelhouse v. Parr*, 141 Mass. 593, 6 N. E. 787.

It is evident that the delay in shipment, indicated in the plea 4, was unreasonable, avoiding the obligations of the contract, unless waived by the buyer.— *Soper v. Creighton*, 93 Me. 564, 45 Atl. 840, 74 Am. St. Rep. 375; *Rommel v. Wingate*, 103 Mass. 327. What is a reasonable time is, on an uncontested state of fact, a question for the court.—*Continental Jewelry Co. v. Pugh Bros.*, 168 Ala. 295, 53 South. 324.

It is further evident that the failure of the seller to observe the direction for *means* of shipment, viz., freight, affecting delivery, as the plea avers, was such a violation of the contract—nonperformance of an essential feature of it—as at least released the buyer from obligation to receive the goods, when tendered by another carrier than that the contract designated. The demurrer to plea 4 was properly overruled.

For the reasons stated as leading to the conclusion that plea 4 was not subject to the demurrer interposed to it, replication 2 was subject to the demurrer sustained to it. The substance of the replication, replying to plea 4, is that "you lost nothing by your failure to observe the directions of the contract in respect of time and means of shipment." The failure to perform the contract, as the plea asserted it, had the effect to deny the seller the right to claim anything thereunder, and clothes the buyer with the right, which was exercised, to repudiate the whole contract. Whether the buyer was damaged is aside the inquiry. He had the right

to have the contract complied with by the seller; and the seller must show performance, or its legal excuse, before he can assert liability against the buyer.

The issues under the pleadings were for the jury, to whom the court submitted them.     There is no error pointed out here.

The judgment is affirmed.

Affirmed.

Note.—The foregoing opinion was prepared by Mr. Justice McClellan, of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.