# Capital Security Company *v.* Holland.

## *Assumpsit.*

(Decided Nov. 26, 1912. 60 South. 495.)

1. *Contracts; Rescission; Fraud.*—A written contract may be rescinded for fraudulent representation as to the contents of the instrument where complainant relied on such representation, and failed to read the document.

2. *Same.*—Hardships imposed by an improvident contract will not of themselves justify a rescission.

3. *Same; Waiver.*—A right to rescind a contract for fraudulent representation is waived unless exercised with due promptness after the fraud is or ought to have been discovered.

4. *Same.*—Where the company's agent by fraudulent representation induces a person to enter into an investment contract, believing that under it, he is entitled to procure a loan within six months, and he retains possession of such contract, or a copy thereof, and where, after the expiration of six months, he continues, with notice of the falsity of such representation, to rely upon, make payments and exercise his rights under the contract for three months longer, he waives his right of rescission, though he was induced to delay after the six months by further false representation of the same agent.

5. *Same.*—To be ground for rescission, false representations as to the contents of a written contract, must relate to facts as distinguished from mere opinion or conclusion.

6. *Pleadings; Construction.*—The averments of pleading are taken and construed most strongly against the pleader.

7. *Same.*—General rules should not be tortured out of shape by a construction to meet special exigencies, as the essense of the law is that it shall operate generally.

8. *Same; Cure of Defect; Evidence.*—Defects in pleading cannot be cured by evidence supplying the omission of matter which renders the plea defective.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Assumpsit by George W. Holland against the Capital Security Company. From a judgment on the pleadings adverse to it, defendant appeals. Reversed and remanded.

EDWARD S. WATTS, and J. T. LETCHER, for appellant. A rescission cannot be had even in case of fraud, where there has been a want of common and ordinary diligence. —*Steele v. Kimball*, 3 Ala. 352; *Dean v. Oliver*, 131 Ala. 634; *Day v. Higdon*, 162 Ala. 530; *1st Nat. Bank v. Allen*, 100 Ala. 476. Demurrers should have been sustained to replications 2 and 3.—31 Cyc. 764; *Storer v. Flower*, 120 Ia. 514; *Jones v. People*, 130 Ala. 270; *Clark v. Johnson*, 155 Ala. 650; *Blair v. Williams*, 159 Ala. 655; *Rabbitt v. A. G. S.*, 47 South. 753; *Eagle I. Wks. v. Baugh*, 147 Ala. 613; *McDonald v. Pearson*, 114 Ala. 630; *Hooper v. Whittaker*, 130 Ala. 331. It was essential to allege when the fraud was discovered.—*Carmelich v. Mims*, 88 Ala. 335, and authorities supra. The contract was in possession of the plaintiff nine months before an attempt at rescission was made, and hence, if the replication showed recoverable fraud, it also showed a waiver.—*Continental J. Co. v. Pugh*, 168 Ala. 295; *C. & W. R. R. Co. v. Ludden*, 89 Ala. 612; *Collins v. A. G. S.*, 104 Ala. 309; *Coleman v. First Nat. Bank*, 115 Ala. 307; *Shahan v. Brown*, 167 Ala. 534, and authoritaties supra. Appellee could not hold in reserve the right to rescind to be exercised, if the loan was not offered him when he desired it.—*B. R. L. & P. Co. v. Jordan*, 54 South. 280; *Harrison v. Ala. Mid.*, 144 Ala. 246; *Stevenson v. Allison*, 123 Ala. 447; *Lockwood v. Fitts*, 90 Ala. 150. Counsel discuss the affirmative

charge and insist on the above authorities that it should have been given for appellant.

STAKELY & VARDEMAN, for appellee. The court was not in error in its rulings on demurrer to the replication.—*Southern L. & T. Co. v. Gissandaner,* 58 South. 737; 31 Cyc. 1627; *Williamson v. Tyson,* 17 South. 336. The misrepresentations alleged were as to matters of fact, and not of law.—*Prestwood v. Carlton,* 50 South. 254; *Gissandaner's case, supra; Jordan v. Pickett,* 78 Ala. 331. If plaintiff had a right to rely on the statements of the agent, then it cannot be said that he ought to have discovered the fraud.—20 Cyc. 55. Even if the remedy was barred he would still have the year to assert his right from the time the fraud was discovered. —Sec. 4852, Code 1907. The bill of exceptions does not state that it contains all the evidence, but contains internal evidence that it does not and hence, the question of the affirmative charge cannot be considered.—*Maddox v. Dunklin,* 50 South. 277; *Pell City Co. v. Casper,* 55 South. 214.

PELHAM, J.—The appellee brought this suit against the appellant on the common counts for money had and received, and while the case was pending in the city court of Montgomery on appeal from the inferior court of Montgomery the pleadings hereinafter referred to were filed and rulings made that we shall discuss.

The defendant filed a plea of the general issue and numerous special pleas, among other pleas setting up the "investment contract" under the terms and conditions of which the plaintiff paid the money sought to be recovered to the defendant in this suit. The special pleas last mentioned allege that the money paid by the plaintiff to the defendant and sought to be recovered

by the defendant in this action was paid by the plaintiff to the defendant's agent under the terms and conditions of a written contract entered into between the parties, for which the plaintiff had made written application, and that, under the terms and conditions of the said application and contract, the defendant was without right to recover the said sums of money (installments) paid by him to the defendant company. The contract set up and relied upon by the defendant contains clauses having certain insurance features, and provided for a loan of $1,000, to be made to the plaintiff by the defendant company out of its loan or reserve fund, for the purpose of assisting the plaintiff in buying or building a home. This loan was to be made by the company and become available to the plaintiff under the terms of the investment contract only when a reserve fund in a certain amount had been accumulated, and upon the happening of certain complicated, indefinite, and uncertain events dependent upon the holders of all contracts in the same series with plaintiff paying into the fund to be accumulated, and not being entitled to priority over the plaintiff as borrowers from the fund.

To these pleas the plaintiff filed a special replication (No. 2), alleging that the contract set up in the pleas was procured under such circumstances as to amount to a fraud in law, and that he had exercised his privilege of avoiding the contract, and had rescinded, or offered to rescind, the same before suit brought. The facts and circumstances set out in this replication and relied on as avoiding the contract for fraud are in substance as follows: That the defendant's agent falsely and fraudulently with intent to deceive represented to the plaintiff at the time that he applied for the contract on May 11, 1910, that if the plaintiff would make application for

and take the "investment contract," and pay at the rate called for by the contract ($6 per month), he "would certainly obtain a loan of one thousand dollars at the end of six months' time" under the terms and conditions of the contract to be acquired; that plaintiff did not read the application or contract, but relied upon the representations of defendant's agent, signed the application, and in a short time the contract was delivered to him; that he did not read the contract when delivered to him, but continued to pay the agreed amount in monthly installments for six months, at the expiration of which time plaintiff made a demand for the loan, and the defendant refused to honor the demand and make the loan; that at the time of this demand and refusal defendant's said agent falsely and fraudulently with intent to deceive the plaintiff told him that, under the terms of the contract, he would get his loan if he would make three additional monthly payments; and that "plaintiff relying on said statements, but not reading said contract, made said additional payments, and, when defendant failed and refused to make said loan upon the completion of said additional payments, plaintiff discovered he had received a contract different from the one he had agreed to accept," in this: "that it failed to provide that plaintiff would certainly get his loan at the expiration of six months, or even on the completion of said additional payments," and that plaintiff then offered to rescind said contract. To this special replication the defendant interposed some forty odd demurrers that were overruled by the court, and it is the court's rulings on these demurrers that present the principal question for our consideration on this appeal.

It appears from the allegations of the replication that the false representation of material fact relied upon as constituting the fraud upon the plaintiff which in-

duced him to make application for and take the contract was the statement of the agent that the contract contained a stipulation as part of the terms thereof, that the plaintiff would certainly receive from the defendant the loan desired, and with reference to which he contracted, at the end of a period of six months from the time of entering into the contract.

The plaintiff, under the rulings, made in the cases of *S. L. & T. Co. v. Gissendaner*, 4 Ala. App. 523, 58 South. 737, and *Prestwood v. Carlton*, 162 Ala. 332, 50 South. 254, was not required to read the contract, but had the right to rely, in the absence of anything that would arouse suspicion or invite investigation, on the representation of the defendant's agent and void the effect of the contract because of the misrepresentation and fraud practiced on him.

The plaintiff would, however, be required to exercise his right of rescission because of this fraudulent misrepresentation within a reasonable time and with due promptness after the fraud was discovered, or ought to have been discovered.—*Young. v. Arntze & Bros.*, 86 Ala. 116, 5 South. 253. The contract was voidable if procured by misrepresentation of a material fact tantamount to a fraud, but the law imposes certain well-defined limitations on the right of rescission, and, when one is put upon notice of the falsity of the statements that induced him to enter into the contract, he must, if he desires to avoid the contract because of the fraud practiced on him, act seasonably in rescinding the contract and make restoration of what he has received, or show it was worthless, or that restoration is futile or had been waived. He cannot at the same time both assail his contract and retain its fruits, and claim benefits under it.—*Rabbitte v. Ala. Gt. So. Ry. Co.*, 158 Ala. 431, 47 South. 573; *Davis, Moody & Co. v. Betz & Callman*, 66 Ala. 206.

In this case the plaintiff bases his right to rescind and avoid the contract for fraud upon the facts set up in the special replication, and in dealing with the question our discussion and rulings are predicated upon exercising the rights of rescission as disclosed by and referred to these averments. The statement of the agent thus set up and relied upon as being a fraudulent misrepresentation of fact is that the contract contained a clause providing that the plaintiff would be given a loan "certainly," without condition, as a definitely fixed fact, at the end of six months time from entering into the contract. Additional averments of the replication affirmatively show that at the end of this six-month period plaintiff was put on notice that this representation was in fact untrue.

The false representation of the terms or contents of the contract, to be available and of benefit to the pleader, must have been the statement of a fact, and not the expression of judgment, or a mere conclusion or opinion. —*Townsend v. Cowles,* 31 Ala. 428; *Davis v. Betz,* 66 Ala. 206; *Joseph v. Decatur Co.,* 102 Ala. 346, 14 South. 739.

The plaintiff is shown by the allegations of the pleadings to have had the contract in his possession at the time he demanded and was refused the loan at the end of the six months, and this refusal was sufficient to put him on inquiry or invite investigation as to whether or not the fact that the contract contained such a provision as represented by the agent and relied upon by him was true. If he was prevented from doing this, or otherwise induced to continue to rely on the original representation without knowledge of its falsity by the further persuasions and undue influence of the defendant's agent, whom he trusted because of special relations of confidence, this was matter that the plaintiff must have set

up by necessary averments, and the replication contains no allegations that can fairly be so construed. The plaintiff had only to examine the contract then in his possession, and which had been in his possession during the entire six months, to ascertain the truth or falsity of this represented fact that induced his purchase of the investment contract. Under the allegations of the replication, the plaintiff did not do this and exercise his right of election to repudiate and avoid the contract promptly upon discovery that the representation of the existing fact was false, but continued for three months longer to rely upon and exercise his rights under the contract after being put on notice that the representation of the existing fact as to the contents of the contract was not true, acting during this period on the faith of other, additional and subsequent representations of the agent to the effect, in substance, that, at the end of another and different period (nine months), the plaintiff would receive a loan under the contract. Nor do the allegations of the replication show that the plaintiff continued to rely on the original false representation made the basis of the right of rescission, and was prevented from discovering its falsity, by artfully continued deception of the defendant's agent.

The averments of the replication, as tested by the demurrers aimed at it, and construed under the established rule that it is to be taken most strongly against the pleader, show that the plaintiff failed to seasonably offer to rescind and avoid the contract after knowledge of the fact that the representation that induced the plaintiff to take the contract was false. Not only so, but the averments show, on the contrary, that the plaintiff continued to claim under the contract for three months after ascertaining the falsity of the representation that induced him to apply for and take the contract.

The additional and subsequent representations made by the agent, a person with whom plaintiff was dealing at arm's length, so far as the averments show, are shown by the allegations of the special replication not to have been the false representations that induced the plaintiff to take the contract and upon which he relied as authorizing him to rescind, and these latter representations in themselves contradicted the truth as a matter of fact of the first representation, to the effect that the contract provided "certainly" for the plaintiff's being given a loan at the end of a fixed period of six months. In exercising the right of rescission one must not hesitate. He cannot continue to deal with the subject-matter of the contract and afterwards rescind.—*Stevenson v. Allison*, 123 Ala. 439, 447, 26 South. 290.

The principle invoked by the appellant in this case, that the right to rescind for fraud must be asserted promptly and unreservedly at the earliest practical moment after discovery of the fraud, or of such facts as are sufficient to put the party defrauded on notice thereof, has been applied by the Supreme Court of this state to cases presenting various kinds of contracts.—*Harrison v. Ala. Mid. Ry. Co.,* 144 Ala. 246, 257, 40 South. 394, 6 Ann. Cas. 804; *Stephenson v. Allison,* 123 Ala. 439, 26 South. 290; *Elliott v. Howison,* 146 Ala. 568, 40 South. 1018; *Dean, Adm'r v. Oliver,* 131 Ala. 634, 30 South. 865; *Allgood v. Bank of Piedmont,* 115 Ala. 418, 22 South. 35; *Coleman v. Bank,* 115 Ala. 307, 22 South. 84; *Romanoff v. Cameron,* 137 Ala. 214, 33 South. 864; *Young v. Arntze & Bros.,* 86 Ala. 116, 5 South. 253; *Birmingham R. R. Co. v. Jordan,* 170 Ala. 530, 54 South. 280; *Kilpatrick v. Henson,* 81 Ala. 465, 1 South. 188.

The allegations of the replication numbered 3 are subject to the same vice. The replications, applying to them the proper rule of construction, that averments

must be taken most strongly against the pleader, show that the plaintiff did not elect or offer to exercise his right to rescind promptly or within a reasonable time after the discovery of the fraud or falsity of the statement of fact relied upon as justifying and authorizing him in avoiding the contract, but show on the contrary that, after discovery of the falsity of the statement, he unduly delayed for three months before asserting his rights in offering to rescind, further relying on and dealing with the subject-matter of the contract during this period, and relying also in not claiming and asserting his rights, not upon the original false statement that induced the purchase, but upon subsequent contradictory statements of the agent, thereby showing not only undue delay in acting upon the right of rescission under the original fraudulent representation set up and relied upon as inducing him to accept the contract, but, by entering into other contradictory and additional stipulation in reference to the contract inconsistent with the right to rescind, he waived the original fraud and the right to abandon placed on this ground. *Kilpatrick v. Henson,* 81 Ala. 464, 468, 1 South. 188; *Thompson v. Lee,* 31 Ala. 292; *Griggs v. Woodruff,* 14 Ala. 9; *Stevenson v. Allison,* 123 Ala. 439, 26 South. 290; *Hodge v. Tufts,* 115 Ala. 366, 22 South. 422.

We have examined the entire record in this case under the suggestion of appellee's counsel that, if the court's rulings on the demurrers to the replications are held to be erroneous, it is error without injury. Possibly we may, after having read the evidence set out in the bill of exceptions, be able to concede that there is some merit in the contention of counsel for the appellee that "on the merits of the case common justice is on his (plaintiff's) side," but defects in the pleading are not cured by evidence supplying the omission of matter

which renders the pleading defective. "Proof without allegation is as impotent, as is allegation without proof." —*A. G. S. R. R. Co. v. Cardwell,* 171 Ala. 274, 55 South. 185. While we are not unmindful that the courts have often gone to extreme lengths in protecting the unwary who have been induced by agents to purchase undesirable "investment contracts," and the like, by holding out seductive and alluring promises of beneficial results that are never fulfilled under the intricate and involved scheme set out in the contract, yet we cannot do violence to the general principles of law involved in passing on the pleadings as presented by the record in this case by attempting to make those well-established principles fit and prevent the individual hardships that may seem to environ the plaintiff's rights in this particular controversy.

The essence of law is that it shall operate generally, and general rules should not be tortured out of shape by a construction to meet special exigencies.

The hardships imposed by an improvident contract will not of themselves justify rescission or authorize relief at the hands of the court.—*Sheldon v. Birmingham Co.,* 121 Ala. 278, 25 South. 820. There is a line of well considered cases holding that under circumstances where confidential or fiduciary relations exist between the parties, or where the party defrauded has been led to do something inconsistent with his right to rescind superinduced by the fraud or artifice of the other party upon whom he relied due to the confidence reposed in such person growing out of some special relation existing between them, that the party defrauded having been disarmed in consequence of these conditions is not to be denied his right of rescission when otherwise he would. The replications to which demurrers were overruled do not contain averments involving

this proposition, and our ruling is necessarily upon the proposition presented by the pleadings as framed, and not upon the evidence, which may be sufficient to support a different allegation, had such allegation been made.

We are unable to say, after examining the whole transcript, that the erroneous rulings on the pleadings that involve but are not in harmony with the principles of law we have discussed, are without injury, and the case must be reversed.

Reversed and remanded.