**CITY TAILORS v. GAY.**   (8 Div. 447.)

(Supreme Court of Alabama.   April 27, 1922.)

1. Sales ⬡126(4)—Time within which right to rescind was exercised may be so long as to be unreasonable as matter of law.

While the question whether the right to rescind was exercised within a reasonable time is usually for the jury, the time may be so long or short as to justify the court in pronouncing it reasonable or unreasonable as a matter of law.

2. Sales ⬡126(1)—Buyer held to have lost right to rescind for delay in delivering by keeping goods unreasonable length of time without objection.

Where the buyer, as shown by the undisputed proof in the seller's action for the purchase price, kept the goods for four months, without objection or notice of his intention to rescind the contract for the seller's failure to deliver within seven days as agreed, he lost his right to rescind.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by the City Tailors against Sam A. Gay, revived in the name of Mrs. Sam A.

Gay, administratrix. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Suit by appellant against Sam A. Gay upon open account, account for goods and chattels sold, and also on an account stated. After judgment was rendered the defendant Gay died, and the cause was revived against the administratrix.

The amount claimed was $84.81 due for two suits of clothes sold by plaintiff to the defendant for two of defendant's customers. The evidence for the plaintiff tended to show that these clothes were bought by defendant from the plaintiff together with other goods, account rendered for the full amount, and letters of the defendant were introduced in which he promised to pay the same, and no objection was made thereto, but he paid the account with the exception of the sum involved. The defendant insisted in his testimony that these two suits were ordered for two customers with the express understanding that they were to be delivered in 7 days. They were ordered March 22, 1920, and defendant testified they were delivered 2½ weeks after that date. Defendant returned the goods by express, the express receipt at the place of shipment being dated August 4, 1920, and showed consignment to the plaintiff at Chicago, Ill. The testimony of the express agent in Chicago discloses that plaintiff declined to receive the goods.

The plaintiff's request for the affirmative charge was refused. Motion for a new trial was made upon the ground the verdict is contrary to the evidence, and upon the refusal of the court to give the plaintiff the affirmative charge. The motion was overruled. The cause was submitted to a jury, and verdict was rendered for the defendant, from which the plaintiff prosecutes this appeal.

Earnest Parks, of Scottsboro, for appellant.

The account became a stated account, and the defendant was liable, notwithstanding the goods were manufactured for others. 201 Ala. 166, 77 South. 692; 205 Ala. 586, 88 South. 748; 177 Ala. 618, 59 South. 273; 7 Ala. App. 427, 61 South. 20. Defendant had no right of rescission under the evidence in this case. 196 Ala. 337, 71 South. 439; 120 Ala. 611, 24 South. 942; 11 Ala. App. 388, 66 South. 950; 168 Ala. 295, 53 South. 324, Ann. Cas. 1912A, 657; 1 Ala. App. 664, 56 South. 49.

Bouldin & Wimberly, of Scottsboro, for appellee.

The questions submitted were clearly jury questions, and the trial court properly declined to set aside the verdict, and this court will not now disturb their finding. 92

Ala. 630, 9 South. 738; 12 Ala. App. 642, 68 South. 516.

GARDNER, J. Counsel for appellee concede in their brief that the defendant in the court below relied solely upon the defense of the alleged breach of contract, in that the two suits of clothes, the purchase price of which constitutes the subject-matter of this controversy, were not delivered within the time agreed upon, and that therefore he had a right to rescind the contract and return the goods.

The evidence was without dispute that the goods were ordered March 22, 1920. The defendant contends they were to be shipped within 7 days, and did not arrive until the expiration of 2½ weeks, and that they were returned to plaintiff by express on August 14, 1920. It thus appears from the undisputed proof that these garments were in the possession of defendant for 4 months without any objection of any character being made to the plaintiff or any notice during that time that he expected to rescind the contract.

[1] While the question as to whether the right to rescind was exercised within a reasonable time is usually regarded as a question for the jury, yet the time may be so long or so short under the undisputed proof as to justify the court in pronouncing it reasonable or unreasonable as a matter of law. Such was the holding of this court in Continental Jewelry Co. v. Pugh Bros., 168 Ala. 295, 53 South. 324, Ann. Cas. 1912A, 657. See, also, Clauss Shear Co. v. Ala. Barber Supply Co., 1 Ala. App. 664, 56 South. 49; 35 Cyc. 152, 153.

[2] Under the undisputed proof as presented in this record we have no hesitancy in holding that the length of time the defendant kept the goods in his possession without objection or excuse therefor was unreasonable, and that he had lost his right to a rescission. We are therefore of the opinion the plaintiff was entitled to the affirmative charge.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.