### BANK OF HARTFORD v. McNEAL.
(4 Div. 986.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied June 30, 1922.)

1. **Landlord and tenant ⬥215—Landlord could tender back mules received from tenant for rent where heavily mortgaged, and rescind.**

Where a tenant delivered to his landlord two mules in satisfaction of money sent, the landlord, after selling the mules and learning they were mortgaged in excessive amount, though there was no fraud, could cause the mules to be tendered back to the tenant and thereby rescind the rent satisfaction, since there was a breach of title warranty.

2. **Estoppel ⬥95 — Landlord's crop lien for rent held not defeated by third person's foreclosure under crop mortgage.**

Where a bank, while mortgagee for tenant's crop, which was attached by his landlord under rent lien, caused tenant to deliver to the landlord in satisfaction of rent tenant's mules mortgaged to the bank and the landlord, on learning of the mortgages, lawfully rescinded this rental agreement by tendering back the mules to the tenant, the bank was under duty to disclose its mortgages upon the mules, and its crop foreclosure made prior to this transaction could not prevail against the landlord's lien, notwithstanding the landlord had a defensible title to the mules.

3. **Appeal and error ⬥920(4)—Attachment under crop lien assumed valid where only questioned incidentally on appeal.**

In an action to test attachment under landlord's crop lien as superior to previous crop mortgage foreclosure, where the formalities of the attachment were not questioned on trial, the court will assume the trial record showed a valid attachment according to appellant's affidavit of claim and claim bond, and will not hear incidental question of the matter on appeal.

Gardner, J., dissenting.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

D. McNeal brought attachment suit against B. S. Price, and execution was levied on crops of the defendant. The Bank of Hartford interposed its claim to the property, and on trial of the right of property there was judgment for plaintiff, from which the claimant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The appellee got good title to the two mules, and if he surrendered to the junior mortgagee it was no concern of the appellant. 165 Ala. 567, 51 South. 745; 103 Ala. 545, 15 South. 863; 134 Ala. 236, 32 South. 742; 16 Ala. App. 445, 78 South. 643; 82 Ala. 69, 2 South. 292. A sale or contract may not be rescinded, unless all parties thereto are placed in statu quo. 82 Ala. 302, 2 South. 911; 120 Ala. 61, 24 South. 1; 87 Ala. 158, 6 South. 1.

E. C. Boswell and W. O. Mulkey, both of Geneva, for appellee.

The cashier of a bank is without authority to relinquish the right of the bank to assets without consideration. 181 Ala. 368, 61 South. 951; Morse on Banking, §§ 152–169. A mortgage, to be valid, must be in writing; and property embraced in a written mortgage cannot be released, except in writing, signed by the mortgagee. 19 R. C. L. 454.

SAYRE, J. McNeal rented lands to B. S. Price for the year 1920. In December of that year McNeal sued out an attachment against Price seeking to enforce his landlord's lien for a balance of $400 due to him for rent. The attachment was levied on crops grown by the defendant during the year. Appellant bank interposed, claiming under a mortgage. On the trial of the right of property, thus set on foot, the bank claimed that plaintiff's lien had been satisfied, and the claim suit, tried by the court without a jury, went off on this point; the court holding with the plaintiff in attachment.

[1] It is shown in evidence that prior to the issue of attachment Price, acting on the suggestion of the bank, delivered two mules to plaintiff in satisfaction of the $400 balance due for rent, and the mules were so accepted by plaintiff. Afterwards plaintiff became apprised of the fact—theretofore unknown to him—that these mules were covered by three separate prior mortgages, aggregating more than $7,000, two of which were held by the bank, the other, an inferior mortgage, by A. W. Price, a kinsman of the defendant. It is to be inferred that the bank had, prior to the transactions in question, foreclosed its mortgages, purchasing the property. We accept the fact as if well proved. Plaintiff, after receiving the mules from the tenant Price, sold them on credit to one Lofton, another tenant; but, upon learning of the mortgages, caused them to be tendered back to Price as in rescission of the trade in which he had accepted them, Price,

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

still acting under advice of the bank, refused to accept the mules, and afterwards A. W. Price claimed them, and got them, under his mortgage. Thereupon plaintiff sued out his attachment.'

[2] The ultimate question presented is whether plaintiff had a right to rescind. As against his tenant Price and as the facts appeared to him plaintiff had a clear right to rescind by reason of the breach of an implied warranty of title, even though there was no actual fraud. McCoy v. Prince, 197 Ala. 665, 73 South. 386, and same case 11 Ala. App. 388, 66 South. 950, where our previous cases are cited. It is true that the bank, by reason of the fact that it procured Price to sell the mules to plaintiff, would have been estopped to deny, in an action between it and plaintiff, that plaintiff had acquired title by his trade with Price; but plaintiff had no relations with the bank in respect of these mules, had no contract with it—had bargained for Price's title, not the bank's—and, as we have said, knew nothing of the bank's activities in bringing about the trade or advising Price's denial of plaintiff's right to rescind. The question here is one primarily between plaintiff and his tenant Price. If plaintiff had the right, as against Price, to rescind, the bank stood in no such relation to the parties or the property involved as to arm it with any better or different right. On the considerations already stated, plaintiff had the right to rescind—his bargain was for a title that was in Price, not for an estoppel against the bank. Moreover, Price—and the bank (represented on that occasion by Price), both because its title was derived from him and because it had procured him to make the sale and refuse rescission—was under duty in common fairness, when plaintiff informed him of his (plaintiff's) purpose to rescind, to inform plaintiff that, although he (Price) had no title at the time of the bargain, plaintiff had got a defensible title for the reason that the bank had authorized the trade. This we say although we know no rule of law or right which would have required plaintiff to accept such a title had he been informed of the facts. The duty to speak arises whenever the principles of natural justice require a disclosure. 11 Am. & Eng. Encyc. 428. But Price, with whom alone plaintiff was dealing, first gave a warranty (implied), and then, when plaintiff offered to rescind, permitted plaintiff to believe there were superior outstanding titles and left him to surrender possession of the mules upon the assumption and belief that, not only the bank, but A. W. Price also, had superior title. Such is the aspect of the case presented to us, and such, we infer from the facts appearing of record, was the aspect presented to the trial court, and the

conclusion there reached, in our judgment, was founded on principles of fair dealing and technical justice.

[3] In a supplemental brief, filed since the foregoing was written, appellant insists that the trial court acquired no jurisdiction of the claim suit by reason that the record on appeal fails to show a writ of attachment and levy thereof, and so that the judgment for the plaintiff in attachment is a nullity, citing McDonald v. Stephens, 204 Ala. 359, 85 South. 746. We apprehend that the cited case does not go to the extent of appellant's contention. In that case it was held that the trial court takes judicial notice of the writ and the return upon it, and hence that they need not be proved. And in that case it was noted that the record showed a valid writ and the officer's return, and it was said that it was not necessary for the plaintiff in attachment to introduce the paper in evidence. Appellant's affidavit or claim and claim bond in the present case recite a writ of attachment and its levy. There was, therefore, a writ and a levy indorsed upon it, and of it the court had judicial knowledge. No question as to the validity of the writ or its levy appears to have been made in the trial court; no effort is made to bring it here in order to show the contrary, and our judgment is that this court must now proceed on the assumption that the record in the court below showed a valid writ and its levy according to the recitals of appellant's affidavit of claim and claim bond.

Affirmed.

All the Justices concur, except GARDNER, J., who dissents.