(124 So. 288)

**GORMAN–GAMMILL SEED & DAIRY SUPPLY CO. v. CARLISLE.** (6 Div. 329.)

Supreme Court of Alabama. Oct. 24, 1929.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

FOSTER, J. The note upon which this suit is based was given for the purchase price of a small light and water plant for use at the home of appellee, including his dairy. At the time of the installation of the plant, appellee executed a note due 90 days thereafter. It is claimed that another note was given in its renewal, and the note sued on was a second renewal. The interest was paid at each renewal. Before the last note was due, appellee notified appellant of his election to rescind. This was some 8 months after the plant was installed. It is claimed by appellee that the plant did not operate properly, and was not suitable for the purpose for which it was sold. The defense was a rescission on that ground. The pleading was in short by consent.

Appellant denies that the plant was not suitable for its purpose, or that there was any warranty express or implied, and claims that the right to rescind was not exercised within a reasonable time after appellee discovered the alleged defects, and that by renewing the notes from time to time and paying the interest he waived such right.

There was a written contract introduced in evidence after appellee had offered much evidence that appellant made certain representations respecting the plant. Afterward the court instructed the jury in effect that the written contract controlled, and the representations were not a part of it, and had no bearing on the issues. It contained no warranty or representations, but appellant agreed in it to install the plant complete for service. The court charged the jury in effect that, though there was no warranty in the contract, yet, "if you believe from the evidence that defendant ordered the goods to be supplied and trusted to the judgment of the plaintiff to select the goods which shall be applicable for the purpose for which they were intended, which is known to both parties, then there is an implied warranty by the plaintiff to defendant that they are fit for that purpose." Exception was reserved to this. The language of this charge is substantially the same as that used in the opinion in the case of Sudduth v. Holloway, 212 Ala. 24, 101 So. 733, and expresses a correct and applicable

principle of law. McCaa v. Elam Drug Co., 114 Ala. 74, 21 So. 479, 62 Am. St. Rep. 88; Troy Gro. Co. v. Potter, etc., Co., 139 Ala. 359, 36 So. 12; Franklin Motor Co. v. Ratliff, 207 Ala. 341, 92 So. 449. No aspect of the evidence tended to show that the transaction represented the purchase from a dealer of a manufactured article after the purchaser had made an inspection of it. The principle of law applicable to such a situation was dealt with in Pizitz Dry Goods Co. v. House of Van Praag, 219 Ala. 183, 121 So. 701, and many cases there cited.

This was rather the purchase of an installed water and light system for a home and dairy. It consisted of many articles, wires, pipe, an electric generator pump, and perhaps other items, all installed, making one complete system or unit. Appellants agreed to furnish all appliances and do the work of installation all complete for the stipulated sum. This was after an inspection of the premises, and with full knowledge of the purpose to be accomplished and service to be rendered by the plant. Appellee did not select or inspect any of the appliances or direct the labor. The fact that the note was executed after the work was completed did not change the situation. The contract was made before then, and the note was given in reliance on, and pursuant to, the terms of the contract. The court properly left to the jury a determination of whether the facts were sufficient under that charge to show an implied warranty. The only warranty which the court stated had effect, if any, was such an implied warranty. All claims of agreements and representations verbally made before and at the time of executing the contract were properly stated by the court to the jury to have no bearing, because the contract was in writing.

We conclude that the court correctly charged the jury in this respect, and that appellant was not prejudiced by a failure to exclude the evidence of verbal representations, on its motion made after the written contract was put in evidence.

There was a tendency of the evidence strongly supported, but sharply conflicting, that, as installed, the appliances were not fitted for the purpose for which the parties both knew they were purchased, and that they never became so, after repeated efforts by appellant to make them do such service, continuing to within a few days before appellee gave appellant notice of a rescission.

It is the settled law that, when there is a breach of warranty in the sale of goods, the buyer, at his election, may rescind the sale, though there is no fraud. Thompson v. Harvey, 86 Ala. 519, 5 So. 825; Baer & Co. v. Mobile C. & B. Mfg. Co., 159 Ala. 491, 49 So. 92; Huson I. & M. W. v. Bland & Chambers, 167 Ala. 391, 52 So. 445; Roden Gro. Co. v. Gipson, 9 Ala. App. 168, 62 So. 388. This principle was denied in a dictum of this court in Hafer v. Cole, 176 Ala. 242, 57 So. 757. But that fact was pointed out by the Court of Appeals in McCoy v. Prince, 11 Ala. App. 388, 66 So. 950, and the principle was reaffirmed by this court on a second appeal reported in 197 Ala. 665, 73 So. 386, and again in Bank of Hartford v. McNeal, 207 Ala. 680, 93 So. 617.

But appellant insists that the right to rescind was lost by delay in the attempt to exercise it. The rule is well known that, if one would exercise the right of rescission, it must be done promptly and unreservedly. Stephenson v. Allison, 123 Ala. 439, 26 So. 290; Capital Sec. Co. v. Holland, 6 Ala. App. 197, 60 So. 495; Fay & Egan Co. v. Independent Lbr. Co., 178 Ala. 166, 59 So. 470; Standard Motorcar Co. v. McMahon, 203 Ala. 158, 82 So. 188; Comer v. Franklin, 169 Ala. 573, 53 So. 797, and that, when the right is once waived, it cannot be recalled, Ala. Tailoring Co. v. Judkins, 205 Ala. 601, 88 So. 865.

Appellee's contention is that the delay in electing to rescind was due to the efforts and promises of appellant to demonstrate that the plant would accomplish the work for which it was purchased; and, over objection and exception by appellant, appellee testified that, when he executed the last of the renewal notes and paid the interest, appellant said to him that, if the "plant didn't give me perfect satisfaction he would take it out at his own expense and I wouldn't have to pay a nickel out on it." There was evidence that repeatedly after that statement it broke down, and appellant did work on it, until a few days before the notice of rescission.

It has been more than once stated in opinions of this court, and now reaffirmed, that delay in exercising the right to rescind due to promises and efforts of the seller to demonstrate that the plant was suitable for the purpose for which it was purchased is an excuse for such delay. Standard Motorcar Co. v. McMahon, supra; Fay & Egan v. Independent Lbr. Co., supra. This principle is very well supported in other jurisdictions, as shown in 35 Cyc. 154, and notes.

We also conclude that the evidence above quoted was admissible for the purpose of influencing the effect of the renewal note as a waiver of the right to rescind for the breach of an implied warranty, and of determining whether appellee rescinded the contract within a reasonable time, as required by law. The question of the admission of the evidence is not controlled by section 9044, Code. That section only applies to conditions affecting the inquiry as to a completed delivery of the note. It does not permit evidence which has the effect of making a note payable upon a condition or under circumstances which vary its express terms. Davenport & Harris v. Roberson, 219 Ala. 203, 121 So. 733; 20 A. L. R. 421 et seq. (note). Evidence which relates to the consideration of a note is likewise controlled by other principles. We will not consider, because not necessary for the

purposes of this case, whether such evidence is legal as affecting the consideration of the note. Blount County Bank v. Robinett & McCay (Ala. App.) 122 So. 802, 803; Hardegree v. Riley, 219 Ala. 607, 122 So. 814.

The court charged the jury that, if there was a right to rescind, they should determine under all the circumstances if appellee acted within a reasonable time, and that he must have acted promptly. We do not think appellant has just cause for complaint of the court's charge in this connection. When the question of whether appellee acted promptly and within a reasonable time is the result of an inference from circumstances, it is ordinarily a question for the jury, yet the time may be so long or so short as to justify the court in deciding it as a matter of law. City Tailors v. Gay, 207 Ala. 386, 92 So. 607; McCoy v. Prince, supra.

Though 8 months after discovery of the defective condition may be found to be more than a reasonable time in which to exercise the right of rescission, and though execution of the renewal note without explanation may ordinarily be a waiver of that right, evidence that appellant repeatedly made promises and efforts to remedy the defects was sufficient to submit the question to the jury.

Our conclusion is that the court instructed the jury in accord with the principles of law we have stated, and that his rulings on the admission of evidence were likewise free from error.

The special charges refused appellant were either embraced in the general charge or, as applicable to this case, were contrary to the principles of law which we have discussed. For the same reason we do not find error in giving the charges for appellee.

There are so many assignments of error we do not think that any good would be accomplished by treating them separately. We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.