## MORTGAGE BOND CO. OF NEW YORK v. CARTER.

### 6 Div. 611.

Supreme Court of Alabama.

May 16, 1935.

closes upon its face complainant too long delayed a rescission of the purchase after discovery of the fraud and a waiver on her part of the right to rescind.

Defendant relies upon our decisions to the effect that one electing to rescind a contract for fraud must exercise that right within a reasonable time, that is, with due promptitude from the time the fraud was discovered or ought to have been discovered from facts brought to his attention. Bynum v. Southern Building & Loan Association, 223 Ala. 392, 137 So. 21; Day v. Broyles, 222 Ala. 508, 133 So. 269; Stephenson v. Allison, 123 Ala. 439, 26 So. 290; Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624; Capital Security Co. v. Holland, 6 Ala. App. 197, 60 So. 495.

But as observed by this court in Stafford v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383, 386: "In applying the doctrine of waiver of the right of rescission by the victim of fraud, the essential principles of justice and equity in the particular case should be kept ever in mind." And in the same case the court further said: "Still, since fraud may consist in misrepresentations innocently made, there can surely be no prejudice to the right of rescission, if the defrauded party does notify the other of the facts, and invite him to make good his representations, if the case is such that he may be able so to do. Such seems to be the suggestion of a spirit of fair dealing and mutual understanding to be commended in business relations; a course tending to avoid needless controversy and litigation." And in Gorman-Gammill Seed & Dairy Supply Co. v. Carlisle, 220 Ala. 116, 124 So. 288, 290, recognizing this same principle, is the following language here pertinent: "It has been more than once stated in opinions of this court, and now reaffirmed, that delay in exercising the right to rescind due to promises and efforts of the seller to demonstrate that the plant was suitable for the purpose for which it was purchased is an excuse for such delay. Standard Motorcar Co. v. McMahon, supra [203 Ala. 158, 82 So. 188]; Fay & Egan Co. v. Independent Lbr. Co., supra [178 Ala. 166, 59 So. 470]. This principle is very well supported in other jurisdictions, as shown in 35 Cyc. 154, and notes." To like effect is Fay & Egan Co. v. Independent Lumber Co., 178 Ala. 166, 59 So. 470.

The averments of the bill bring the case within the influence of these latter authorities.

The delay, continued payment, and possession of complainant were at the express

Howze & Brown, of Birmingham, for appellant.

Basil A. Wood, of Birmingham, for appellee.

GARDNER, Justice.

The bill is filed for rescission of a contract of purchase of a designated dwelling for fraudulent representations as to its condition, a cancellation of the notes and mortgage given to secure the remainder of the purchase money, and for an accounting, and recovery of the sum paid. Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1.

The attack upon the sufficiency of the bill is here rested upon the theory that it dis-

request of defendant, to the end that the defects be remedied, which in fact were unsuccessfully attempted by defendant at its own expense. And, upon complainant being given notice that no further effort would be made to that end, she promptly rescinded and did what she could to place the parties in statu quo. No delay or change of relationship appears that would render rescission between the parties inequitable, nor would the rights of any third person be prejudiced thereby. Under the averments of the bill, there was no waiver of the right to rescind, and the matter of delay is well explained.

The demurrer was properly overruled, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.