17 So.2d 763

**SHEPHERD v. KENDRICK et al.**

6 Div. 129.

Supreme Court of Alabama.

March 30, 1944.

Rehearing Denied May 18, 1944.

542

McEniry & McEniry, of Bessemer, for appellant.

Wm. Alfred Rose and Bradley and Baldwin, All & White, all of Birmingham, for appellees.

LIVINGSTON, Justice.

This cause came before this Court on a former appeal from a judgment sustaining demurrers to the bill of complaint, and was by this Court reversed and remanded. Shepherd v. Kendrick et al., 236 Ala. 289, 181 So. 782, 785. It was there held:

"Upon the question of laches some difficulty arises. Each case must rest upon its own peculiar facts and circumstances. We have often said that mere delay in the assertion of a right, without more, does not in itself constitute laches, though long delay is strong evidence of acquiescence. Following the analogies of the law as to the statute of limitations, complainant's claim for damages on account of fraudulent representations would have long since been barred. And such analogous rule is to be held applicable unless sufficient excuse is shown for the long delay.

"The question of laches was very fully discussed in our recent case of Dunn v. Ponceler [235 Ala. 269], 178 So. 40, and needs no reiteration here. As observed in that authority ([178 So. at] page 46), 'What will be regarded as a sufficient excuse depends upon the circumstances of the case.'

"Complainant offers as his excuse for long delay by averring he promptly complained to the vendor upon the loss of the water, and was requested by him to wait upon an adjustment of the matter, that it would be properly adjusted; repeatedly thereafter, and at many different times, he appealed to the vendor to make settlement on account of the loss, and the vendor from year to year would put him off, but without demanding payment of any principal installment, and with little interest payment, and that his continued promises to make adjustment kept complainant from attempting a legal adjustment in the courts.

"In Mortgage Bond Co. v. Carter, 230 Ala. 387, 161 So. 448, we had occasion to review some of our authorities touching this character of excuse, and the conclusion reached that delay due to promises of the vendor to make an adjustment, and the continued effort of the parties to reach an amicable settlement, was not such as to constitute laches and present a bar to relief in the courts.

"The bill discloses that the long delay was thus occasioned by the vendor's repeated promises, and that complainant was thus for a long time lulled into inaction. Nor does it appear the rights of any third person have been prejudiced thereby. And it must be borne in mind also that all of these matters are to be considered in connection with complainant's exercise of his equity of redemption and as incidental thereto. The objection to the bill as for laches is also without merit."

In the lower court, after remandment, respondents answered the bill, denied the allegations quoted above, and made their answer a cross-bill seeking a foreclosure of the mortgage. Respondents incorporated in their answer pleas of the statute of limitations of ten years, section 20, Title 7, Code of 1940; the statute of nonclaims, sections 211 and 214, Title 61, Code of 1940; and a plea based on the provisions of section 42, Title 7, Code of 1940.

Upon the taking of testimony and submission for final decree, the lower court made and entered a decree denying relief to complainant and granting to respondents the relief prayed for in the cross-bill; and from that decree this appeal was perfected.

In the former opinion in this cause it was held that the cause of action was barred by laches, but for the allegation of facts showing an excuse for, and an explanation of the long delay in bringing suit, and that the burden of proof in this respect was on the complainant in the court below. Shepherd v. Kendrick et al., supra.

To meet the burden thus cast, complainant offered to testify to conversations between complainant and Julian Kendrick, the mortgagee, during the lifetime of Kendrick, and to promises made by Kendrick relative to adjustment of the purchase price of the lands on account of the failure of the water supply. Clearly, the evidence was inadmissible and was properly excluded by the trial court.

No person having a pecuniary interest in the result of the suit shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit. Section 433, Title 7, Code of 1940.

There being no evidence upon which to base a finding that the long delay in bringing suit was caused by the actions of Julian Kendrick, the mortgagee, the allegations to that effect are unsupported by proof, and complainant must fail on account of laches.

It is unnecessary to consider other matters offered in defense.

The cause is due to be, and is, affirmed.

Affirmed.

GARDNER, C.J., and BOULDIN and STAKELY, JJ., concur.

On Rehearing.

PER CURIAM.

Application for rehearing overruled.

GARDNER, C.J., and THOMAS, BROWN, FOSTER, and STAKELY, JJ., concur.