# Thweatt *v.* McLeod.

*Bill in Equity to enforce Vendor's Lien on Land; Cross Bill for Set-Off and Recoupment of Damages.*

1. *Misrepresentation by vendor; purchaser's remedies.*—If the vendor of land, through ignorance, mistake, or fraud, misrepresents a material fact; and the purchaser has a right to rely on such representation, does in fact rely on it, and is thereby injured; he may, at his election, rescind the contract, recover damages for the injury, or insist on it as matter of defense to an action on the contract.

2. *Parol evidence of misrepresentation by vendor; when admissible.*—When neither the bond for title, nor the deed, nor the notes for the purchase-money, state how many acres of timbered land are included in the tract sold, parol evidence is admissible for the purchaser, in defense of a suit founded on one of the notes, to show that the vendor misrepresented the number of acres that were timbered: such evidence goes to the consideration of the contract, and its failure, and does not come within the general rule excluding parol evidence to contradict or vary written instruments.

3. *Waiver of misrepresentation.*—If the purchaser, having full knowledge of the misrepresentation of material facts by his vendor, which would entitle him to rescind the contract, or to claim an abatement of the purchase-money, nevertheless enters into new stipulations with his vendor, by which he obtains an extension of the time for the payment of the purchase-money, he thereby ratifies the contract, waives the objection, and cannot afterwards take advantage of it when sued on the contract.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. ADAM C. FELDER.

The original bill in this case was filed on the 13th April, 1872, by Sydney McLeod, against Hiram Thewatt, and sought to enforce a vendor's lien on land for the unpaid balance of the purchase-money. The land contained about two

[Thweatt v. McLeod.]

hundred and twenty acres, and was sold and conveyed to said
Hiram Thweatt by Norman McLeod, on the 23d August, 1867,
for twelve bales of cotton, to be delivered as follows : two
bales on the 1st January, 1868, two bales on the 1st January,
1869, and eight bales on the 1st January, 1870; for which
said Thweatt executed his three promissory notes, or written
obligations.   The first two notes were discharged by the de-
livery of the cotton at the times specified ; and on the 25th
October, 1869, before the maturity of the last note, the con-
tract was changed by the mutual agreement of the parties,
and Thweatt executed his note to said McLeod for $950.40,
payable on the 25th December, 1870.   This note was given
in lieu of the note for the delivery of the eight bales of cot-
ton, and purported on its face to be given for the purchase-
money of the land; and the complainant claimed it by as-
signment from said Norman McLeod.   The defendant an-
swered the bill, admitting the terms of the contract as above
stated, but denying that it gave McLeod a lien on the land
for the delivery of the cotton, or that the new note, given in
discharge of the indebtedness for cotton, was a lien on the
land; and he alleged that said McLeod, at the time the con-
tract was made, and afterwards, represented that the tract
contained one hundred acres of wood-land, whereas it con-
tained in fact only about seventy acres, and that the com-
plainant acquired the note with full knowledge of this mis-
representation, and of said McLeod's repeated promises "to
make it good."   On account of this misrepresentation, which
he alleged was a material inducement to the contract on his
part, the defendant insisted that he was entitled to an abate-
ment of the purchase-money, to the extent of the difference
in value between the cleared land and the wood-land; and
he asked that his answer might be taken as a cross bill as to
this matter, and that he might have the appropriate relief on
account of it.

On final hearing, on pleadings and proof, the chancellor
dismissed the cross bill, and rendered a decree for the com-
plainant; but delivered no opinion, and gave no reasons
for his decree.   The chancellor's decree is now assigned as
error.

R. M. WILLIAMSON, with FITZPATRICK & RUGELEY, for appel-
lant.—The misrepresentation as to the quantity of wood-
land, making a material difference in the value of the tract,
entitled the purchaser to an abatement of the purchase-
money.—*Kelly's Heirs v. Allen,* 34 Ala. 667 ; *Kannady v.
Lambert,* 37 Ala. 59.   The execution of a new note by the
purchaser was not a waiver of the right to insist on this de-

[Thweatt v. McLeod.]

fense.—*Huckabee v. Albritton*, 10 Ala. 660; *McGar v. Williams*, 26 Ala. 487.

STONE & CLOPTON, *contra.*—The chancellor's decree may be sustained on several distinct grounds. In the first place, there is no convincing proof of any misrepresentation as to the quantity of wood-land. If any representation at all was made, prior to the consummation of the contract, it was not carried into the writings, and cannot be shown by parol; and if it was made after the execution of the writings, it was without consideration. If the alleged misrepresentation was made, it was waived by the execution of the new note, by which the purchaser obtained an extension of the time of payment; for he had acquired full knowledge of the quantity of wood-land in the tract, long before the execution of the new note.

BRICKELL, C. J.—A misrepresentation of a material fact, on which another has a right to rely, whether made willfully and intentionally, or from mistake, inadvertence, or ignorance, will operate to avoid a contract founded on it.— *Juzan v. Toulmin*, 9 Ala. 662; *Munroe v. Pritchett*, 16 Ala. 785. The party injured by it has his election, either to rescind the contract, or, affirming it, to recover damages for the injury, or insist on it as matter of defense to an action founded on the contract.—Kerr on Fraud, 330.

The misrepresentation of which appellant complains was, that the tract of land contained one hundred acres in timbered land, when in fact it contains not more than seventy acres. The materiality of the representation is apparent from the difference in the value of the tract, if the representation had been true, and its value as the fact is shown to exist. The representation did not refer to the title of the vendor, nor to the quantity of land, nor to any matter embraced in the bond for title, or the notes executed for the payment of the purchase-money. It was in relation to a collateral thing; and in the admission of parol evidence to prove the representation, the rule inhibiting its introduction to add to, vary, or alter the written contract, is not infringed. The evidence is addressed to the consideration of the contract, and its failure.—*Cozzins v. Whitaker*, 3 Stew. & Port. 322; *Dixon v. Barclay*, 22 Ala. 370; *Pierce v. Wilson*, 34 Ala. 596; 1 Green. Ev. § 284.

A careful examination of the evidence may leave it in doubt, whether the representation was in fact made at the time of the sale, and whether the appellant relied on it, as an element of the contract, or whether he did not rely wholly

on his own knowledge of the lands. We incline to the opinion, the last is true. But, conceding the appellant's reliance on the representation at the time of the purchase, it is too late for him now to urge it, either as a ground for a rescission of the contract, or in recoupment of the purchase-money. Contracts tainted with fraud, or into which a party is induced by mistake, or by misrepresentation, are capable of ratification and confirmation ; and the ratification or confirmation cures the infirmity. If, with full knowledge of all the facts, the party injured proceeds to consummate the contract, if executory, treating it as valid, it is thereby confirmed, and he will not be allowed subsequently to impeach it. The case of *Gilmer v. Ware*, 19 Ala. 252, is an illustration. The purchaser of a slave at public auction, having information of the unsoundness of the slave, and of facts constituting fraud in the sale, nevertheless paid the purchase-money, without objection; and it was held, he could not subsequently maintain an action on the case to recover damages because of the fraud. If, while the contract is executory, the party injured, with full knowledge of all the facts, elects to proceed in its execution—enters into new negotiations and stipulations, whereby he obtains a benefit, and the other party sustains a corresponding detriment—he is regarded as ratifying or confirming the contract, and it becomes obligatory on him.—*Edwards v. Roberts*, 7 Sm. & Mar. 544; *Pearsall v. Chaplin*, 44 Penn. 9.

The lands were originally purchased by appellant for a certain number of bales of cotton, deliverable in different quantities, at the expiration of one, two, and three years from the time of purchase. Possession followed the purchase; and three years having elapsed, two of the installments of the cotton having been delivered, and the time for the delivery of the third arriving, desiring indulgence, he enters into a new agreement with the vendor. By this new agreement, the contract is changed from one for the delivery of cotton, into a contract for the payment of money absolutely, and the time of payment is extended for twelve months. The appellant then had full knowledge that there was not a correspondence of the quantity of timbered land in the tract, with the quantity he avers the vendor represented it to contain. In this transaction, the appellant must have intended an affirmance of the original contract, or he intended to lull the vendor into security—into reliance on it, and into the belief that he designed its performance ; thereby obtaining the benefit of an extension of the time of payment, while secretly intending, after he had realized the benefit, to impeach the contract for a misrepresentation of which he had abstained

[Glaze v. Blake.]

from complaining. To suppose the last was his intention, is the imputation to him of an intentional deception, more offensive in good morals than the misrepresentation attributed 'to the vendor. The one may have been made innocently, through ignorance, mistake, or inadvertence. The other is willful, and deliberate, for the purpose of deceiving.

The new contract into which the appellant entered, the benefits of which resulted to him only, was a confirmation of the original contract, precluding the defense now interposed. The case of *Huckabee v. Albritton*, 10 Ala. 657, is not in conflict with this view. The question of that case was, whether a mere subsequent promise to pay, after the discovery of the fraud, would preclude a defense; and it was properly held, that it would not. The court, however, clearly indicate that, if by the new promise the vendor had been led into a different position from that in which he stood when it was made, or had been induced to act on it, the rule would be different.

The decree of the chancellor is affirmed.

STONE, J., not sitting, having been of counsel.