(102 So. 108)

### BLACKWOOD et al. v. STANDRIDGE.
### (6 Div. 48.)

(Supreme Court of Alabama. Nov. 20, 1924.)

1. **Appeal and error** &#8709;197(3)—**Variance between pleading and proof not available on appeal where not questioned below.**

In action of deceit by purchaser against vendors, where complaint described land as lying in range 1 east, and evidence showed it to be in range 1 west, under rule 34, defendant could not take advantage of such variance on appeal, where attention of trial court was not called thereto.

2. **Fraud** &#8709;57—**Evidence of value of incumbered property admissible.**

In action of deceit by purchaser against vendors, because of false statements as to amount of incumbrances, evidence as to value of property was admissible; such value being measure of plaintiff's damages unless part of it was preventable by redemption.

3. **Appeal and error** &#8709;1052(3)—**Testimony held rendered admissible in view of further testimony.**

In action of deceit against vendors, for false statements as to incumbrances on land, evidence of witness as to similar false statements made to him by vendor, if error, *held* rendered admissible, where witness later testi-

---

fied that such statement was made as inducement to accept purchase-money mortgage in payment of debt.

**4. Fraud ⊕⇒54—Evidence of similar false statements to others inadmissible where pertaining to unconnected transaction.**

Evidence of similar fraudulent statements to others cannot be received for purpose of making out a case of fraud in an unconnected transaction.

**5. Fraud ⊕⇒57—Deed executed in foreclosure admissible in action for false statement as to incumbrances.**

In action of deceit against vendors, because of false statements as to incumbrances, where purchaser had lost land by foreclosure of mortgage on it, deed executed by mortgage's agent in foreclosing such mortgage, was admissible.

**6. Fraud ⊕⇒52—Evidence to connect codefendant with false representations of other defendant held admissible.**

In action of deceit by purchaser against vendors, because of false statements as to amount of incumbrances, questioning of one defendant as to whether codefendant had any interest in purchase-money notes made payable to both defendants *held* proper, as tending to connect codefendant with false representations.

**7. Fraud ⊕⇒59(1)—Outstanding purchase-money notes not deductible from recovery by purchaser suing vendors for fraud.**

Where purchaser was divested of title to land by foreclosure of mortgage on it, in action by him for deceit against vendors for false representations as to amount of incumbrances, he is entitled to recover value of land, and; if purchase-money notes were still outstanding, they should not be deducted from such amount of recovery.

**8. Fraud ⊕⇒30—Vendor ratifying false representations of other vendor equally guilty.**

If false representation as to amount of incumbrances made by one vendor were adopted by other vendor and acted on by him, he would be equally guilty as one who made such representations.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action of deceit by G. H. Standridge against John Blackwood and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Russell & Johnson, of Oneonta, for appellants.

The proof must correspond to the allegations of the complaint. Boone v. Chiles, 10 Pet. 177, 9 L. Ed. 388; 1 Greenleaf on Evi. § 51. Evidence of the value of the land was inadmissible in this case. 15 C. J. 1294; 27 C. J. 101. Proof of any fraud other than that alleged is inadmissible. Montgomery So. Ry. v. Matthews, 77 Ala. 357, 54 Am. Rep. 60; Martin v. Smith, 116 Ala. 639, 22 So. 917; Supreme Lodge v. Baker, 163 Ala. 518, 50

So. 958. Evidence as to the interest of Grover Blackwood in the notes was inadmissible. Self v. Herrington, 11 Ala. 489; 6 Michie's Ala. Dig. 351. The measure of plaintiff's damages is the amount of the mortgage or what plaintiff had to pay to remove it, in no event more than the cost of the land. 15 C. J. 1294; 27 C. J. 101; 2 Sutherland on Damages, 2156; Anderson v. Knox, 20 Ala. 156; Thomas v. St. Paul M. E. Church, 86 Ala. 138, 5 So. 508. It was error to instruct that plaintiff's recovery should not be reduced by the amount of unpaid notes. 15 C. J. 1318; Maitlen v. Maitlen, 44 Ind. App. 559, 89 N. E. 966; Bradshaw v. Crosby, 151 Mass. 237, 24 N. E. 47; Freeman v. Venner, 120 Mass. 424. And likewise that, if one of defendants made the alleged false misrepresentation and it was ratified by the other, he would be equally guilty. 27 Cyc. 11.

Ward, Nash & Fendley, of Oneonta, for appellee.

A variance must be called to the attention of the trial court. Circuit court rule 35. The measure of damages is the difference between the actual value of the land at the time of sale and what it would have been, had it been as represented. Preston Motors Corp. v. Wood, 208 Ala. 172, 94 So. 70; Tillis v. Smith Sons Lbr. Co., 188 Ala. 122, 65 So. 1015; Foster v. Rogers, 27 Ala. 602; Milton v. Rowland, 11 Ala. 732. The statement made by Blackwood to Walker was relevant. Supreme Lodge v. Baker, 163 Ala. 518, 50 So. 958; Martin v. Smith, 116 Ala. 639, 22 So. 917. The deed was properly received in evidence. Code 1907, § 3374.

SAYRE, J. In this action of deceit by appellee against appellants, the complaint alleged that in a sale of land between the parties defendants represented to plaintiff that the land was free of all incumbrance, well knowing that such representation was untrue. There was judgment for plaintiff.

[1] The complaint described the land in question as lying in range 1 east, whereas the evidence showed it to be in range 1 west; the reference being to the meridian of Huntsville. This variance can advantage defendants nothing on this appeal because the attention of the trial court was in nowise called to it. Rule 34, 175 Ala. xxi.

[2] Plaintiff was allowed to show the value of the land described in the complaint. His case was that defendants had represented to him pending negotiations of the purchase and sale of the land that—apart from a mortgage for a small amount about which there was no dispute—the land was free of incumbrance, that there was in fact an outstanding mortgage for an amount nearly equal to the value of the land, and that he had lost the land by a foreclosure of the

mortgage after he had paid several hundred dollars on the agreed purchase price. Evidence as to value was properly admitted, the value of the property being the measure of plaintiff's damage, unless some part of it may be prevented by redemption. 27 C. J. 101; Tillis v. Smith Sons Lumber Co., 188 Ala. 139, 65 So. 1015.

[3, 4] Plaintiff was allowed to show by the witness Walker that some time after the purchase and sale of the land between the parties, in which plaintiff gave a mortgage for a large part of the agreed purchase money—several months at least—defendant John Blackwood had said to witness that the only mortgage on the land was the Standridge mortgage, meaning the purchase-money mortgage given by plaintiff. If it be conceded that this ruling, considered alone, was error, still the fact is that at a later time in the examination of the witness he testified in effect, that when defendant Blackwood made the statement in question he (Blackwood) was indebted to the witness in a considerable sum and "at that time was asking me to take the Standridge papers on what he owed me; and this is the time he told me there was nothing against them." This, in connection with the testimony against which exception was reserved, brings the case on this point fairly under the rule which holds that, if there has been evidence of fraud inducing the contract under examination, other similar frauds, or attempts by the same party to commit other similar frauds, near the same time, may be received as circumstances in aid of such evidence. Montgomery Southern Ry. Co. v. Matthews, 77 Ala. 365, 54 Am. Rep. 60; Martin v. Smith, 116 Ala. 639, 22 So. 917. Care should be observed in stating to the jury the office of such evidence, viz., that it cannot be received for the purpose of making out, independently, a case of fraud in a transaction with which they had no connection. Martin v. Smith, supra.

[5] There was no error in admitting in evidence the deed executed by John Adcock, as agent and auctioneer for the mortgagee, D. Adcock, in foreclosure of the mortgage by reason of which plaintiff was divested of the title for which he bargained with defendants.

[6] Plaintiff on cross-examination of defendant John Blackwood, was correctly allowed to ask the witness whether the other defendant, his son Grover, had any interest in the notes executed by plaintiff to secure the balance of the purchase money. The notes were payable to John and G. C. Blackwood, and the fact that G. C. or Grover had an interest in them, in connection with other circumstances shown in evidence, tended to connect Grover with the false representations alleged to have been made by John.

[7] The court correctly instructed the jury that in the event they should determine that the purchase-money notes executed by plaintiff, and by John Blackwood in the name of himself and his son Grover indorsed to the bank at Oneonta as security for a loan, were still outstanding and the loan for the security of which they were indorsed still unpaid, then the amount of plaintiff's recovery, if any, should not be reduced by the amount of indebtedness evidenced by these notes. The statement heretofore made as to the proper measure of damages leads to this result. Appellants refer to authorities which hold that, in case of a total loss of the estate purchased by reason of a breach of covenant for title, the agreed purchase price is the measure of damages. But this court in cases of deceit holds to a different rule. It holds, in agreement with great weight of authority, that the purchaser is entitled to the benefit of his bargain—the value of the land. Tillis v. Smith Sons Lumber Co., supra.

[8] Nor did the court commit error in charging the jury that—

"If one of these defendants made the representations as averred in this complaint, and they were acted upon by the plaintiff as averred in this complaint, and this deceit was ratified, adopted, and acted upon by the other, why he would be equally guilty as the man who actually made the statement." 27 C. J. 11.

Affirmed.

All the Justices concur.