(126 So. 624)

**FAIRBANKS MORSE & CO. v. DEES et al.**
**I Div. 557.**

Supreme Court of Alabama.

June 27, 1929.

Smiths, Young & Johnston, of Mobile, for appellee.

FOSTER, J.

A defrauded purchaser must elect whether he will affirm the fraudulent transaction or rescind it. The right to sue for deceit is based upon the assumption that the contract is to stand (Williston on Sales, § 648; Coleman v. Night Commander Lighting Co., 218 Ala. 196, 118 So. 377; Thompson v. Fourth Nat. Bank, 214 Ala. 452, 108 So. 69), so that the purchaser need not restore the property to the seller as a condition to its prosecution (2 Williston on Sales, § 646; Maxwell v. Sherman, 172 Ala. 626, 55 So. 520; Byars v. Sanders, 215 Ala. 561, 112 So. 127; Kilby L.

& M. Works v. Lacey, 12 Ala. App. 464, 67 So. 754).

The view is stated on high authority that, though the contract is executory, the purchaser with knowledge of the fraud, may affirm the contract and perform it without losing his right to recover damages for deceit in the sale. 2 Williston on Sales, 646, p. 1620; 27 R. C. L. 381, § 83. This principle, however, is subject to certain qualifications which are stated in the following Alabama cases: Gilmer v. Ware, 19 Ala. 252; McGar v. Williams, 26 Ala. 469, 62 Am. Dec. 739; Thweatt v. McLeod, 56 Ala. 375; Pollock v. Pope, 209 Ala. 195, 95 So. 894.

An examination of the opinion in Gilmer v. Ware, supra, will disclose that the result follows from the fact that the property (in controversy) was bid off at auction sale, the price was not paid, the purchaser was informed of the fraud, and with this knowledge elected to proceed with the purchase, and then paid the purchase money. It is said: "Under such circumstances he cannot be said to have been defrauded, since his conduct amounts to a distinct admission that he was not deceived, and the circumstances of the alleged deceit or fraud become incorporated into, and formed part of his purchase, which he concludes or consummates with a knowledge of them."

In the case of McGar v. Williams, supra, written by Chilton, C. J., who was also the author of the opinion in Gilmer v. Ware, supra (but the former opinion does not seem to have been cited in the later cases on the subject), in referring to Gilmer v. Ware, supra, the opinion states:

"Here, the fraud (if any) and injury were consummated before the payment; and to hold the payment to be a bar, would give it the effect of releasing a right of action which had already accrued. In that case, however, the contract, so far as the purchaser was concerned, was inchoate; and being fully advised of the fraudulent circumstances, before he completed the contract by complying with his bid, the purchaser could not have been deceived, but elected to take the property as it was by paying for it; thus, as it were, incorporating the alleged fraudulent circumstances into the contract. The payment in this case, if made with a full knowledge of the defects or leaks in the roof, is, at most, but evidence to be weighed by the jury, tending to show that no false or fraudulent representation was made to the plaintiff's injury. It cannot operate as an estoppel in pais, nor as a release or waiver of an existing cause of action. Huckabee v. Albritton, 10 Ala. 657."

This case is quoted in an annotation in L. R. A. 1918A, 112, where the author states the same conclusion.

In the case of Thweatt v. McLeod, supra, the purchaser with full knowledge of the fraud, and before payment of the purchase money, made a new contract with the vendor, whereby there was an extension of time, and a change made as to the purchase price, and the court said: "In this transaction, the appellant must have intended an affirmance of the original contract, or he intended to lull the vendor into security—into reliance on it, and into the belief that he designed its performance; thereby obtaining the benefit of an extension of the time of payment, while secretly intending, after he had realized the benefit, to impeach the contract for a misrepresentation of which he had abstained from complaining. To suppose the last was his intention, is the imputation to him of an intentional deception, more offensive in good morals than the misrepresentation attributed to the vendor."

The case of Pollock v. Pope, supra, is of a similar nature. The purchaser had not paid the purchase price, and, in a suit for reformation and foreclosure by the vendor, defendant set up fraud in abatement of the purchase price. It was shown that, after the alleged fraudulent transaction, and with full knowledge of it, the purchaser obtained permission of the vendor to sell the timber of considerable value. The contract being still executory, by such conduct the purchaser elected to ratify and confirm the contract, and was denied relief for fraud. We do not understand the opinion to express the view that a defrauded purchaser may not elect to affirm an executed contract procured by fraud, and recover damages for the deceit. The meaning of the words used in the opinion were, we think, in line with the other cases supra, to the effect that, under the circumstances shown in that case, the alleged "deceit or fraud becomes incorporated into and forms a part of his purchase," and as thus constituted is ratified and confirmed and the fraud waived upon a new consideration. The rule is likewise stated in 27 C. J. 22, § 135.

In the instant case, the Court of Appeals has concluded that the purchaser ratified and confirmed the fraud because, with full knowledge of it, he called upon the seller to remedy the defect found to exist in the article sold, and it was remedied, after several months, and thereafter the purchaser continued to use it and was by such conduct precluded from maintaining a suit for deceit in the sale. It is our judgment that the demand for and acceptance of such character of work by the purchaser was rather a pro tanto satisfaction of the damages or in the nature of a mitigation of them, and the acceptance of the work and continued use of the article by the purchaser was not a ratification of the fraud and deceit so as to preclude him from recovering such of his damages as were not satisfied. Caffey v. Ala. M. & S. Co., 19 Ala.

App. 189, 96 So. 454; Id., 213 Ala. 260, 104 So. 509. True, it had the effect of so ratifying the original contract as to preclude a rescission, but such ratification, as we have shown, does not always preclude a suit for deceit. The contract here was apparently fully executed by both parties, subject to the right of the purchaser to recover upon a warranty or for deceit, or to rescind. But the fact that he had such election of remedies, when he had fully paid the purchase price (which seems to be assumed), does not support a conclusion that the contract was executory in any sense.

We conclude, therefore, that the result should be different from that declared by the Court of Appeals. It is our duty to review the conclusion of the Court of Appeals for the purpose of determining if that court has misapplied the law to the facts stated in its opinion. Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674; Lancaster v. State, 214 Ala. 2, 106 So. 617.

The result is to award the writ of certiorari as prayed in the petition.

Writ awarded.

All the Justices concur, except THOMAS, J., not sitting.