(133 So. 685)

## SOUTHERN BUILDING & LOAN ASS'N v. HUGHS.

### 3 Div. 950.

Supreme Court of Alabama.

March 5, 1931.

Rehearing Denied April 23, 1931.

Lange, Simpson & Brantley and Reid B. Barnes, all of Birmingham, for appellant.

Powell & Hamilton, of Greenville, for appellee.

**BOULDIN, J.**

 Count 1 of the complaint reads:

"1. The plaintiff claims of the defendant One Thousand and No/100 ($1000.00) Dollars, as damages for that on to-wit: the 30th day of October, 1928, the defendant, through its agent and representative, E. H. Logan, who was then and there acting within the scope of his agency, for the purpose of inducing plaintiff and one J. B. Hughs to purchase stock of the defendant, represented to the plaintiff and J. B. Hughs that he, as agent of the defendant, was selling to plaintiff and J. B. Hughs each twenty shares, or ten units of the capital stock of the defendant of the par value of One Thousand Dollars and by reason of such representations obtained from the plaintiff and the said J. B. Hughs the sum of One Thousand Dollars.

"The said representations were false and then known to be false, or ought to have been known by said agent of the defendant, who was then and there acting within the scope of his employment.

"Said representations and said transactions whereby said money was obtained were in Butler County, Alabama."

The misrepresentations relied upon relate to the subject-matter of the sale. It is alleged they were false, and made to induce the purchase, and by reason thereof money to the amount sued for was obtained.

It states a substantial cause of action for actionable fraud under our statutes. Code, §§ 8049, 5676; Cartwright v. Braly, 218 Ala. 49, 117 So. 477.

Evidence tended to show defendant's agent negotiated with plaintiff, J. J. Hughs, and his brother, J. B. Hughs, in one transaction; that they agreed to purchase capital stock of the value of $1,000, carrying withdrawal privileges, and issued a check on their joint savings account for $1,000 in full payment; that a receipt was issued for full amount to plaintiff, who could not read and write, showing the payment was made into the surplus fund of the association at the rate of $5 per unit on 200 units in accordance with the terms of subscription indorsed on the back. This indorsement called for ——— units of the capital stock, par value $100 per unit, together with $5 per unit (cash) to be placed in the surplus fund and not part of withdrawal value of the stock. The stock was to be paid for in full in cash or installments of not less than 50 cents per month for each unit.

Accordingly, written subscriptions were also taken for one hundred units, $10,000, stock by each of them. These subscriptions were signed, one, J. B. Hughs, the other, J. J. Hughs, by J. B. Hughs. "Surplus certificates" were later issued.

██ ██ Evidence tended to show neither J. B. Hughs, then 81 years of age, nor J. J. Hughs, 79 years of age, knew the contents of these documents, and, relying on defendant's agent, believed they expressed the contract as made. Soon thereafter J. B. Hughs died. On discovery of the alleged fraud, notice of rescission, with offer to surrender documents issued by defendant, was given by counsel, and this suit followed.

Insistence is made that the action is deceit, which cannot be maintained because it elects to treat the contract as in force, and no evidence shows damages by way of difference in value between the thing represented and the thing acquired. It does appear in evidence the "surplus certificates" had no market value; indeed, it appears the sales agents were paid a like sum of $1,000

to negotiate the sale of the stock of $20,000 par value.

But, whether of value or not, the evidence of· rescission was offered without objection. The complaint disclosed a claim for the full amount paid in, and was readily amendable, if need be, to more clearly present a demand for refund upon rescission for fraud.

The question of variance cannot be raised for the first time on appeal. Supreme Court Rule 34.

■ The case made by plaintiff's evidence presents one tortious transaction with the two brothers, defrauding them of joint funds. Upon the death of one the action was properly prosecuted by the survivor. Bebee v. Miller, Minor, 364; Harris v. Swanson, 62 Ala. 299; Harbin v. O'Rear, 219 Ala. 175, 121 So. 547; 1 R. C. L. p. 37, § 33.

If plaintiff had elected to proceed for deceit, affirming the contract for subscriptions severally, maybe the case would be different. This we need not decide.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.