(137 So. 21)

**BYNUM v. SOUTHERN BUILDING & LOAN ASS'N.**

**6 Div. 899.**

Supreme Court of Alabama.

Oct. 8, 1931.

Lange, Simpson & Brantley and Reid B. Barnes, all of Birmingham, for appellee.

Coleman, Coleman, Spain & Stewart and H. H. Grooms, all of Birmingham, for appellant.

GARDNER, J.

Plaintiff sued defendant on the common counts for money had and received, and recovered a judgment, which was set aside by the court on defendant's motion for new trial. From the order granting the motion for a new trial, plaintiff has prosecuted this appeal.

The action is founded upon the doctrine of rescission (Day v. Broyles, 222 Ala. 508, 133 So. 269), which in turn, in this particular instance, is rested upon alleged fraudulent representations of defendant's agents in the sale of certain stock of defendant corporation closely akin to the fraud charged in the recent case of Southern Building & Loan Association v. Hughs, 222 Ala. 648, 133 So. 685, details of which need not be here reiterated.

■ That the verdict was contrary to the preponderance of the evidence constitutes grounds 1 and 2 of the motion for a new trial, and defendant's counsel strenuously insist this ruling of the court is due to be sustained upon a consideration thereof. We are persuaded to the correctness of this view. "The rule * * * is that 'the latitude allowed to the trial court's discretion in passing on motions for new trial is such that this court will not reverse a judgment granting the motion unless the evidence plainly and palpably supports the verdict.' * * * Where the evidence is conflicting, as in this case, and a new trial is granted, perhaps a more accurate statement of the rule would be that this court will not reverse the judgment unless the evidence is plainly and palpably in favor of the verdict. * * * This rule is founded partly upon the fact that the trial judge's opportunity for pronouncing upon the weight and convincing power of the testimony is better than ours." Smith v. Tombigbee & Northern Rwy. Co., 141 Ala. 332, 37 So. 389. See, also, Cobb v. Malone, 92 Ala. 630, 9 So. 738; Nobles v. Bank of Eclectic, 217 Ala. 124, 115 So. 13; Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270.

■ To sustain the present action of money had and received, the burden was upon plaintiff, not only to establish the fraudulent representations in the sale of the stock, but that he rescinded the transaction with reasonable promptness after discovery of the fraud and returned or offered to return to defendant that which he had received as consideration therefor. Americanized Finance Corp. v. Yarbrough (Ala. Sup.) 135 So. 448;[1] So. States Fire & Casualty Ins. Co. v. De Long, 178 Ala. 110, 59 So. 61; Young v. Arntze & Bros., 86 Ala. 116, 5 So. 253, 256; Berman Bros. Iron & Metal Co. v. State Savings & Loan Co., 222 Ala. 9, 130 So. 554; Comer v. Franklin, 169 Ala. 573, 53 So. 797; Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624.

■■ The transaction complained of in the instant case occurred in November, 1927, and this suit was begun June 11, 1929. Plaintiff insists he discovered he had not been given capital stock certificates, which he understood he was purchasing only a few days preceding the filing of this suit, at which time he demanded a refund of the money paid and offered to return the surplus certificates he had been given.

But the defendant's evidence was to the contrary, and its secretary testified that the month following the sale, that is, in December, 1927, plaintiff came to the office and the entire transaction was discussed and it was explained to plaintiff fully what he had bought and the obligation assumed as to the capital stock, and defendant offered correspondence which it insists tends somewhat to support this insistence, though the authenticity of the letter is by plaintiff denied. Plaintiff likewise denied signing any subscription card, and insisted also no such conversation with the secretary occurred.

It appears, therefore, there was in the evidence a sharp conflict upon a most material point, for it is clear from the foregoing authorities that if the jury should accept defendant's theory as above indicated, they would be justified in concluding that from so long a delay after discovery of the fraud, plaintiff had in fact confirmed the transaction and waived any right of rescission. Comer v. Franklin, supra; So. States Fire & Casualty Ins. Co. v. De Long, supra. It is not, as argued by plaintiff's counsel, a question of the statute of limitations, but that of the establishment of a condition precedent to plaintiff's right of recovery in an action of this character based upon the proper and timely exercise of the right of rescission. Therefore, upon a careful perusal of the testimony, and in the light of the well-established rule by which this court is guided in passing upon questions of this character, we do not feel justified in concluding that the evidence is

[1] Ante, p. 266.

394

so manifestly and palpably in favor of the verdict that the order of the trial judge granting a new trial should be here disturbed.

In view of a retrial of the cause, we think it not inappropriate to make comment upon the insistence on the part of defendant that plaintiff's relationship with defendant corporation was such as to impute to him knowledge of the by-laws, which was sufficient to fasten knowledge of any alleged fraud upon him. Our cases are to the effect that one electing to rescind a contract for fraud must exercise the right within a reasonable time, that is, with due promptitude from the time the fraud was discovered, or ought to have been discovered. Young v. Arntze & Bros., supra. And in Cartwright v. Braly, 218 Ala. 49, 117 So. 477, 481, it is said: "Fraud is deemed to have been discovered when it ought to have been discovered. Facts which provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud, constitute sufficient evidence of discovery." This language, we think, is sufficiently explanatory of the expression "or ought to have been discovered," found in Young v. Arntze & Bros., supra, and other of our cases. It bears no relation to any theoretical imputed knowledge as counsel argue, and the decision of Americanized Finance Corp. v. Yarbrough, supra, which was rested entirely upon a failure of plaintiff to restore what he had received, is not to be so interpreted. This discussion in the instant case, however, is of little practical value here. Plaintiff either had previous actual knowledge of the fraud or he did not, which rested upon a consideration of conflicting proof.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.