(136 So. 793)

**PHILLIPS v. MALONE.**

8 Div. 268.

Supreme Court of Alabama.

Oct. 8, 1931.

J. G. Rankin, of Athens, and O. Kyle, of Decatur, for appellant.

A. J. Harris and Tennis Tidwell, both of Decatur, for appellee.

**FOSTER, J.**

The evidence in this case tended to show that appellee, Malone, and three others on April 8, 1925, entered into a contract to purchase from appellant two business houses in Kissimmee, Fla.; that appellant misrepresented the nature of the leases existing on them at the time, to the effect that they extended for periods of nine and twelve months, respectively, whereas they in fact extended three years. But the nature of such misrepresentation was discovered by the purchasers before the deed was made. When the contract was executed, $500 of a consideration of $40,000 was paid. The deed was made on May 25, 1925, to appellee, Malone, only, and the others executed to him a quitclaim deed dated May 27, 1925. Malone paid the cash then due under the contract, and executed some notes for the deferred payments. The suit is upon one of such notes. His associates did not execute the notes.

After the contract and before the deed, the purchasers had an opportunity to sell the property for $65,000, but the sale was not consummated, because the proposed purchaser discovered the long term of the leases. But, after making protest to plaintiff as to this circumstance, Malone accepted a deed, upon the statement of plaintiff that, if he had made a mistake as to the leases, it was a fact, and Malone could accept or reject as he saw fit. With such knowledge he accepted the deed and completed the transaction, and sold the property for $60,000; thereby he claims recoupment $5,000 loss resulting from the misrepresentation.

We will consider the questions argued in appellant's brief in the order in which it presents them. The first is that pleas A and C are subject to those grounds of demurrer directed to them on account of the character of damages claimed in them by way of recoupment, on account of the fraud and deceit. In plea A the claim is that defendant was damaged "to the extent of the difference between the rental value of said stores * * * and the existing rental contract, * * *" etc. In plea C the claim is that defendant was damaged "in the sum of $5,-000 which was the difference between the reasonable rental value of said stores * * * and the existing rental contract," etc. Whereas appellant insists that such claim is not the true measure of damages, but that it is the difference between the market value of the property with such long-term leases existing and its value with the short-term leases as represented.

Waiving for the time the question of whether demurrer is appropriate to present the claim, we will discuss its merits as argued by respective counsel.

■ It is certainly true that the rule is usually and accurately stated to be that the measure of damages is the difference between the actual value of the property at the time of the sale and its value if it were in the condition as misrepresented. Blackwood v. Standridge, 212 Ala. 156, 102 So. 108; Preston Motors Corp. v. Wood, 208 Ala. 172, 94 So. 70; Stewart v. Riley, 189 Ala. 519, 66 So. 488; Tillis v. Smith, 188 Ala. 122, 65 So. 1015.

■ But this result may be effectually stated in different language. In this connection the measure of damages is stated in 27 Corpus Juris, 101, as follows: "Where plaintiff induced to purchase property encumbered by a lease for a definite term by the seller's false representations that the tenant in possession is a tenant at will, the measure of damages is the difference between the rental market value of the property and the amount of rent paid by the tenant under his lease." This truly measures the damages under such circumstances, and is the equivalent in legal effect to the difference in market value of the property as affected by the existing lease. The difference in the rental values should truly represent the difference in the market values of the property. We think it is immaterial in what form it is expressed, provided the claim in substance is for the actual damages proximately sustained by reason of the fraud and deceit.

■ The only issue on which the jury could and did find for appellee on the evidence, under the charge of the court, was on his pleas of recoupment. On them there was a verdict in favor of appellee for an excess over the amount of the note sued on. The pleas of recoupment alleged a misrepresentation in the sale of the property to defendant. But the only misrepresentation proven was in the contract of sale to defendant and his three associates. If there was a cause of action for deceit on that account, it was in favor of all the purchasers. Such an action is personal, and does not run with the ownership of the property, and is not assignable so as to authorize the assignee to sue in his own name. Prouty v. A. G. S. R. R. Co., 174 Ala. 404, 56 So. 980; Evans v. S. & W. Rwy. Co., 90 Ala. 54, 7 So. 758; 5 C. J. 891; Parnell v. So. Rwy. Co., 199 Ala. 470, 74 So. 437.

As a claim of deceit based upon the fraud in negotiating the contract of sale, if nothing else appeared, the evidence does not support it as a personal right in defendant to justify his recovery under such pleas.

The evidence, without dispute, further shows that the completion of the sale resulted in a deed to appellee alone, as the sole purchaser, after which his associates executed to him a quitclaim deed. But it may be

argued that we should take that as a continuing misrepresentation entering into and forming a part of the sale to appellee alone, thereby resulting in a cause of action inuring to his sole benefit. For it is said to be generally held that "one who has been defrauded may, though the contract is executory affirm the contract and perform it without forfeiting his right to recover damages for deceit." 2 Williston on Sales, § 646, p. 1620; 27 R. C. L. 381; Van Natta v. Snyder, 98 Kan. 102, 157 P. 432, L. R. A. 1918A, 102, note page 110; McGar v. Williams, 26 Ala. 469, 62 Am. Dec. 739; Huckabee v. Albritton, 10 Ala. 657.

But there is a corollary to this principle thus expressed by Brickell, C. J., in Thweatt v. McLeod, 56 Ala. 375, 378: "If, while the contract is executory, the party injured, with full knowledge of all the facts, elects to proceed to its execution—enters into new negotiations and stipulations, whereby he obtains a benefit, and the other party sustains a corresponding detriment—he is regarded as ratifying or confirming the contract, and it becomes obligatory on him." In that case the new agreement changed the contract from one for the delivery of cotton into one for the payment of money, and the time for payment was extended for twelve months. It was said that the purchaser must have intended to affirm the original contract or to lull the seller into serenity; thereby obtaining new benefits, while secretly intending to impeach it for fraud. The defense was an abatement of the purchase money on account of the fraud, and this was denied him because of such new arrangement.

In Gilmer v. Ware, 19 Ala. 252, the court applied this rule to a case where property had been bought at auction, and before paying for it the purchaser discovered the fraud, and then concluded the purchase. And in Pollock v. Pope, 209 Ala. 195, 95 So. 894, after the purchase was made, but before the price was paid, he was informed of the fraud, and thereafter secured the right to sell valuable timber from the land. It was held that, with full knowledge of the facts, his election to obtain a benefit by the new negotiation, his grantors sustaining a detriment, was a ratification of the contract, and that he should not be allowed an abatement of the purchase price on account of the fraud by way of recoupment in a cross-bill. See Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624.

█ It is true that the rights of the purchasers became fixed by the contract of sale and its mere consummation pursuant to its terms should not be held to waive an action for deceit in its sale, though it was consummated with knowledge of the fraud.

█ But such is not true here. There was a new trade made whereby the plaintiff accepted appellee alone as the purchaser, made the deed to him only, and accepted his notes for the purchase price, and his associates conveyed to him their interest. Thereby appellee acquired all interests in the property, and assumed all its burdens, and appellant, by accepting him as the purchaser, making deed to him and taking his notes, limited his claim for the purchase money to him alone, and effectually released his associates, thereby effecting a detriment to him. The evidence, not disputed by appellee, is that this was done with full knowledge by appellee of the truth about which it is claimed he was defrauded.

We think that the principle would have the effect of preventing appellee from claiming recoupment of the purchase price on account of the alleged fraud. He was not defrauded into the novated contract under which alone he can benefit. He cannot claim for fraud or deceit in the original contract because it was not alone for his benefit in substance or form, and because he with full knowledge of the fraud has for a valuable consideration effectually made a new one relieving the original transaction of the fraud which originally inhered in it, and thereby waived an action for deceit.

Under such circumstances plaintiff was entitled to an affirmative instruction, and its refusal was reversible error.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.