142 So. 388

## BROWN v. SUPREME LODGE, K. P.
### l Div. 706.

Supreme Court of Alabama.
June 2, 1932.

Smith & Johnston, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

#### GARDNER, J.

The suit is upon a life insurance policy issued in May, 1927, on the life of Eugene Brown, who died in October, 1927. Defendant pleaded misrepresentation by the insured at the time of the application for the insurance, as to the condition of his health, the pleas disclosing the serious nature of the disease with which insured was at the time afflicted which increased the risk of loss and caused his death earlier than it would have occurred had he been free therefrom. The pleas tendered the premiums paid, with interest thereon, and defendant deposited the same into court.

The demurrer to the pleas takes the point they fail to allege a tender of the premiums paid within a reasonable time after the discovery of the alleged misrepresentations. Appellant's contention is that the insurance company must within a reasonable time after the discovery of the fraud or misrepresentations rescind the contract and offer a return of the premiums collected, failing in which it cannot defend and avoid liability on account of such fraud, even though the requirements of our statute (section 8365, Code) have been met by a payment of the premium money into court. It is not insisted that any of the authorities cited by appellant from this jurisdiction (Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; Thompson v. Fourth National Bank, 214 Ala. 452, 108 So. 69; Birmingham Rwy. Lt. & P. Co. v. Jordan, 170 Ala. 530, 54 So. 280; Stephenson v. Allison, 123 Ala. 439, 26 So. 290; Beatty v. Palmer, 196 Ala. 67, 71 So. 422) are here directly in point, but that they merely recognize the general principle that one who seeks a rescission of a contract for fraud must act with reasonable promptness after the discovery of the fraud and return or offer to return to the other party that which he had received as a consideration. Other re-

cent cases upon this question may be noted. Bynum v. So. Bldg. & Loan Ass'n, 223 Ala. 392, 137 So. 21; Fairbanks-Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624, 625; Day v. Broyles, 222 Ala. 508, 133 So. 269; Moore v. Oneonta Motor Co., 223 Ala. 510, 137 So. 301; Phillips v. Malone, 223 Ala. 381, 136 So. 793; Americanized Finance Corp'n v. Yarbrough, 223 Ala. 266, 135 So. 448.

The defendant in the instant case seeks no affirmative relief, nor the benefit of the doctrine of rescission, but merely a defense to the suit on the policy for fraud or misrepresentations. As said by the Minnesota court in Taylor v. Grand Lodge, A. O. U. W., 96 Minn. 441, 105 N. W. 408, 413, 3 L. R. A. (N. S.) 114: "The analogy between a suit for rescission upon the ground of fraud and reliance upon fraud as a defense, when it is sought to enforce a contract void for fraud, is not perfect."

Though not here directly in point, yet it would seem the theory upon which appellant proceeds runs counter to the holding of this court in National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656, wherein it was stated that section 8966, Code 1923, providing one year from discovery of the fraud within which suit should be brought, had no application to defensive matter, and that the insurance company, under the facts disclosed, had an adequate remedy by defense to the suit at law, without resort to any equity proceedings for cancellation. If, of course, in the suit at law, it should appear the company had received and accepted premiums after full discovery of the fraud or misrepresentations, this would be an answer to such a plea upon the theory of a waiver or as tending to show there was in fact no fraud, or, if so, the contract has been nevertheless, "ratified and confirmed and the fraud waived upon a new consideration." Fairbanks-Morse & Co. v. Dees, supra.

The case of Taylor v. Grand Lodge, supra, contains an interesting discussion with citation of numerous authorities tending to show that, in cases of actual fraud by the insured, he is not due to have premiums paid returned upon the theory that one should not profit by his own wrong. See, also, 14 R. C. L. p. 1193; Prestwood v. Carlton, 162 Ala. 327, 50 So. 254; Lost Creek Coal Co. v. Hendon, 215 Ala. 212, 110 So. 308. But we need not enter into a discussion, or even a consideration of that question, further than to state these holdings, or expressions to like effect, may have, in order to remove all doubt, formed the foundation of our own present statute (section 8365, Code 1923), where, in its concluding language, is the stipulation that "no plea of misrepresentation or fraud in the application shall be filed unless accompanied by a payment into court, for the plaintiff, of all premiums paid on the policy."

Defendant has complied with this statute, and we are of the opinion it was intended and is to be properly construed as stating defendant's full duty upon the question of a return of the premiums. A like statute was so interpreted by the Court of Appeals of Missouri in Dye v. New York Life Ins. Co., 207 Mo. App. 540, 227 S. W. 1062, and we think correctly so. See, also, 14 R. C. L. 1194.

The cases of Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897, and Meridian Life Ins. Co. v. Dean, 182 Ala. 127, 62 So. 90, appear to assume, without discussion, that such is the interpretation of our statute.

Having determined therefore that our statute controls, a discussion of the authorities cited by appellant from other jurisdictions would serve no useful purpose.

■ Replication to defendant's plea 5 alleges as one of the reasons why defendant should be held liable, notwithstanding insured's fraud, that defendant's own physician made the required medical examination. The demurrer thereto was properly sustained under the authority of Reliance Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307, 310, where the court said: "The fact that the other party makes an investigation of his own does not absolve the declarant from speaking the truth, nor lessen the other's right to rely on his representations."

We have discussed the questions presented in brief for appellant, and find nothing justifying a reversal of the cause. The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.